EDWARDS, Judge.
Susan A. Altazin brought suit against Jasper Pirello[1] and Pirello Properties, Inc., seeking $70 in unused rent, $50 in rent deposit, $200 in damages, attorney fees and costs. From a trial court judgment awarding $50 in rent deposit but denying all her other claims, Altazin appeals. We reverse in part.
In December of 1975, Susan Altazin signed a rental agreement to lease apartment 209 in the Drusilla Apartments in Baton Rouge. Apartment 209 was not available so Altazin accepted apartment 207. The agreement was executed under the name Susan Dupaquier, since at that time Miss Altazin anticipated marrying Gary Dupaquier. A rent deposit of $50, required by Drusilla Apartments rule number 6, was paid by check by Mrs. J. I. Altazin, plaintiff’s mother.
Subsequently, plaintiff decided not to marry Dupaquier and she informed the Drusilla manager. Her name was changed to Altazin on at least two documents including the rental agreement. Paul Pirello, son of the defendant, admitted records of the apartment complex reflected Altazin’s name change. Evidence admitted at trial substantiates this.
Following a fire in apartment 207, plaintiff moved into apartment 232. On August 10, 1977, Altazin received instructions from Drusilla’s manager “to vacate your apartment by 8/31/77, due to repairs needed in this sectionQ” Plaintiff moved out by August 15, 1977, and was informed by the manager that she would be refunded both her deposit and one-half month’s rent ($70). The manager later informed plaintiff that she had not posted a deposit and was due no refund.
Plaintiff sought aid from the Consumer Protection Center which wrote defendant. By letter, Pirello denied ever having received a deposit from Altazin and, in addition, falsely accused plaintiff of starting the fire in apartment 207.[2]
Plaintiff then wrote Pirello a letter of demand seeking her rent and deposit. Pi-rello received the letter November 23,1977, but neither sent the funds nor answered with itemized reasons for failing to do so. Plaintiff subsequently filed this suit.
Clearly, plaintiff is owed $70 in unused rent. Defendant’s agent instructed Altazin to vacate “by” August 31, 1977. Therefore, plaintiff was free to leave anytime between August 10, 1977, the day she received notice, and August 31. Whatever rent remained unused must be refunded.
At trial, plaintiff was awarded $50 in rent deposit. Her claims for statutory damages and attorney fees were denied in oral reasons by the trial court because
“one is not entitled to a windfall because of a mistake — mistake not necessarily having been brought on in toto by the defendants themselves. The Court feels that part of the mistake can be attributed to the plaintiff. The plaintiff assumed the name of Dupaqueir (sic). Upon the initial application for the apartment. Subsequently went to change her name from Susan Dupaqueir to Altazin. The ledger records of the apartment complex shows that a Dupaqueir on 12/27 rented an apartment from the apartment complex in question tendered a Hundred and Twenty-Five Dollars plus a Fifty Dollar deposit. Said ledge shows a transfer to 207 . of Fifty Dollars on that — on that.deposit. The Court does not feel that the apartment complex has been willfull in its failure to turn over a Fifty Dollar deposit.”
Under the applicable statutes, LSA-R.S. 9:3251-54,[3] plaintiff is entitled to her rent deposit, damages and attorney fees.
*1269 Contrary to the trial court, we find that defendant’s confusion regarding plaintiff’s deposit is entirely its own fault. No apartment was rented without a deposit. Defendant accepted and cashed plaintiff’s deposit check. Any errors in record keeping were solely defendant’s fault and not due to plaintiff’s name change.
. [2-4] The purpose of LSA-R.S. 9:3251 et seq. is to provide tenants with a mechanism to recover rent deposits and to prevent the arbitrary withholding thereof. Calix v. Whitson, 306 So.2d 62 (La.App. 4th Cir. 1974); Cantelli v. Tonti, 297 So.2d 766 (La. App. 4th Cir. 1974). When a landlord cites specious or arbitrary and capricious reasons for withholding a deposit, the statutes shall apply. Likewise, when the reasons for withholding a deposit are simply unjustifiable or clearly wrong, the statutes will provide relief. Even if there is a valid dispute over a lease, the lessor must comply with the statutes or suffer the penalties provided. Bradwell v. Carter, 299 So.2d 853 (La.App. 1st Cir. 1974); Moore v. Drexel Homes, Inc., 293 So.2d 500 (La.App. 4th Cir. 1974), writ denied 295 So.2d 812 (1974).
At all times defendant owed plaintiff her $50 rent deposit. The willful refusal to pay same requires the imposition of $200 in statutory damages. Furthermore, plaintiff had no way to recover her deposit save by contacting a lawyer and filing suit. LSA-R.S. 9:3253 allows attorney fees to be awarded. Without this provision, plaintiff would possess a legal right economically unfeasible to pursue. Calix v. Whiteson, supra; Cantelli v. Tonti, supra. Plaintiff’s attorney fees will be fixed at $1,000.
Defendant’s contention that his answer to the Consumer Protection Center sufficed as an itemized statement in reply to plaintiff’s letter of demand is incorrect. R.S. 9:3251 requires that the lessee, not some organization which in no way is plaintiff’s agent, be given notice. Furthermore, unjustified reasons for retaining a deposit, regardless of their specificity, can never satisfy R.S. 9:3251.
For the foregoing reasons, the judgment appealed from is affirmed, insofar as plaintiff was awarded $50 in rent deposit. The judgment is otherwise reversed and there is judgment in favor of Susan A. Altazin and against Jasper Pirello and Pirello Properties, Inc., for $200 in statutory damages, $1,000 in attorney fees and $70 in unused rent. The total judgment is therefore $1,320. All costs of these proceedings, both trial and appellate, are to be paid by Jasper Pirello and Pirello Properties, Inc.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. Suit was initially brought against Joseph Pi-rello. However, answer was made and the suit was defended by Jasper Pirello.

. At trial, Captain McCoy of the Baton Rouge Fire Department stated that the fire originated in an air conditioning unit and was not plaintiffs fault.

.LSA-R.S. 9:3251.
“Any advance or deposit of money furnished by a tenant or lessee to a landlord or *1269 lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee of dwelling premises within one month after the lease shall terminate, except that the landlord or lessor may retain all or any portion of the advance or deposit as is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefor. The tenant shall furnish lessor a forwarding address at the termination of the lease, to which such statements may be sent.
The foregoing provisions shall not apply when the tenant abandons the premises, either without giving notice as required, or prior to the termination of the lease.”
LSA-R.S. 9:3252.
“The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor. Failure to remit within thirty days after written demand for a refund shall constitute willful failure.”
LSA-R.S. 9:3253.
“In an action brought under R.S. 9:3252, the court may in its discretion award costs and attorney’s fees to the prevailing party.”
LSA-R.S. 9:3254.
“Any waiver of the right of a tenant under this part shall be null and void.”