399 So.2d 708 (1981)
Lee HILL
v.
Leroy SMITH.
No. 14175.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*709 Robert E. Tillery, Douglas L. Nicholson, Baton Rouge, for plaintiff-appellee Lee Hill.
*710 Joseph A. Gladney, Jose R. Cortina, Howard M. Romaine, Baton Rouge, for defendant-appellant Leroy Smith.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Defendant appealed from a judgment in favor of plaintiff for damages for malicious prosecution.
The issues are: proof of requisites for a suit for malicious prosecution, and violation of constitutional right of access to the courts.
We affirm.
Plaintiff accidentally "sideswiped" defendant's parked car causing minimal damage. Following a discussion, the parties appeared to agree on damages. The investigating officer advised defendant that if he were not paid, he could file charges against plaintiff for simple criminal damage. Thereafter, when plaintiff refused to pay, defendant filed the charges. Plaintiff posted bond. When he appeared for arraignment he was advised that the charges had been dropped. He sued defendant for malicious prosecution; the court awarded $300.00 damages.
An action for malicious prosecution lies where there is a concurrence of the following:
(1) The commencement or continuance of an original criminal or civil judicial proceeding.
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
(3) Its bona fide termination in favor of the present plaintiff.
(4) The absence of probable cause for such proceeding.
(5) The presence of malice therein.
(6) Damage conforming to legal standards resulting to plaintiff.
Robinson v. Goudchaux's, 307 So.2d 287 (La. 1975); Eusant v. Unity Industrial Life Ins. and Sick Benefit Ass'n of New Orleans, 195 La. 347, 196 So. 554 (1940).
Defendant claims plaintiff has failed to prove these elements; he especially contends that because no certified copies of criminal court records were introduced at trial, there is no legal evidence to prove the commencement of the criminal prosecution, its legal causation by plaintiff and its termination in favor of plaintiff. He argues plaintiff's hearsay testimony is not the "best evidence."
We find plaintiff's uncontradicted hearsay testimony, admitted without objection, sufficient to prove the commencement, causation and termination of the prosecution. Coleman v. Victor, 326 So.2d 344 (La. 1976). Defendant himself testified he filed charges against plaintiff. He cannot now complain the court considered the evidence. LSA-C.C. Art. 2291.
Defendant claims he acted without probable cause and without malice. Citing Bristow v. Messer, 336 So.2d 44, (2d Cir.1976) and Sandoz v. Veazie, 106 La. 202, 30 So. 767 (La.1901), he claims his good faith reliance on the investigating officer's advice negated any want of probable cause or malice.
Defendant's claim is without merit. Simple criminal damage to property requires the intentional damaging of another's property. LSA-R.S. 14:56. Malice exists when a charge is made with knowledge that it is false or with reckless disregard for the truth. Jefferson v. S.S. Kresge Co. d/b/a K-Mart, 344 So.2d 1118 (La.App.3rd Cir.1977); Carter v. Catfish Cabin, 316 So.2d 517 (2d Cir.1975). We find no error in the court's determination that plaintiff's actions indicated malice and a lack of probable cause.
Defendant next claims plaintiff has failed to prove any damages arising from his criminal prosecution. The record reveals that although plaintiff was not jailed, he did have to post bond and return to court for arraignment. While we agree the damage to plaintiff was minimal, we do not find the court's award of $300.00 a clear abuse of discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
*711 Defendant lastly claims the court's adverse judgment violates Art. 1, Section 22[1] of the Louisiana Const. of 1974 by barring his access to the courts. Evidently, this is based upon a chilling effect upon the filing of a criminal charge. The constitutional provision does not afford "carte blanche" for unfounded or mistaken use of the criminal process for private ends. Because we find plaintiff did not act in good faith or upon reasonable grounds, we find his constitutional rights have not been violated. Cf. Robinson v. Goudchaux's, supra. As a matter of fact, defendant has had his day in court.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] La.Const. Art. 1, Section 22:

"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."