COVINGTON, Judge.
This is an appeal from a judgment of the Family Court which granted permanent custody of the minor child, Hope Annette Stephens, now ten, years old, to the father after temporary custody had been awarded to the mother.
The issue on appeal is whether the granting of permanent custody to the father is in accordance with the best interest of the child. From our review of the record, we conclude that the lower court was within its discretion in awarding permanent custody to the father. We affirm.
The plaintiff, Belinda Marler Stephens, and Bryan S. Stephens, III, were married January 9,1970. One child was born of the marriage on October 20, 1970. She is the child involved in this custody dispute.
Due to marital difficulties, the parties obtained a divorce and each has remarried. The parties have been in the Family Court *476 on a number of occasions concerning custody of Hope Annette. For example, on June 27,1979, judgment was obtained confirming judgment awarding temporary custody to the father, and ordering a social study to be conducted by the Family Court Center to determine permanent custody. Subsequently, on September 26, 1979, the wife was awarded temporary custody. On September 5, 1980, Mr. Stephens petitioned for permanent custody of Hope Annette. Hearing was held before Judge Anthony J. Graphia on October 31,1980, with judgment signed on November 3, 1980, granting Bryan Stephens, III, permanent custody of the minor child, Hope Annette Stephens. It is from this judgment that the wife has appealed.
LSA-C.C. art. 157, as amended, provides the applicable law concerning the granting of custody. This article in pertinent part provides:
“A. In all cases of separation and divorce, and changes of custody ... permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent ....”
The standard of appellate review of custody cases was recently discussed by the Louisiana Supreme Court in Bordelon v. Bordelon, 390 So.2d 1325, 1329 (La.1980), as follows:
“This Court has clearly stated that in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Fulco [259 La. 1122, 254 So.2d 603], supra; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is ‘clearly wrong’. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact.”
After review of the record in light of the above cited principles, we conclude that the award of permanent custody of the minor child to the father was within the discretion of the trial judge and was in the best interest of the child.
There is no merit in appellant’s argument concerning her non-appearance. The record reflects that after numerous continuances in this matter, personal service was had upon appellant ordering her to show cause why permanent custody should not be awarded the father. A futile attempt was made to obtain another continuance. Without verification of it being granted, it was incumbent upon her or her counsel to appear at the hearing. The alleged understanding between counsel is of no moment. It is not the function of opposing counsel to grant a continuance. Only the court can do so and it is the duty of the mover to become informed of the court’s decision in such matters. Without actual knowledge of a continuance, the appearance is mandated. There is no justification contained in the record for the wife’s failure to appear at the re-fixed permanent custody hearing. In any event, the record amply supports the conclusion that the best interest of this minor child will be served by granting permanent custody to the father. The judgment is affirmed at the appellant’s costs.
AFFIRMED.