426 So.2d 285 (1983)
Samuel T. TRAPANI, et al
v.
Glenn L. MORGAN.
Nos. 13227, 13228.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Rehearing Denied February 24, 1983.
*287 Glenn L. Morgan, in pro. per.
David E. Hogan, Sarpy & Hogan, New Orleans, for plaintiffs-appellees.
Before KLEES, BYRNES and WARD, JJ.
KLEES, Judge.
In these consolidated cases, appellant, Glenn Morgan, appeals from a judgment 1) awarding $700 for past due rent, 20% attorney's fees, interest and costs to appellees Samuel Trapani and A. Lester Sarpy, on Apartment B, 511 Esplanade Avenue, New Orleans, dismissing his reconventional demand and 2) denying his motion for nullity of judgment.

Denial of Motion for Nullity
Appellees, Trapani and Sarpy, co-owners of rental property, filed a rule against appellant for possession of Apartment B on January 15, 1981 (Case No. 181-793). Appellant claims that he timely filed exceptions and an answer to the rule for possession and a motion for continuance (which was never signed by the judge) with the minute clerk on January 26, 1981. Neither, he asserts, were placed in the record until after the appellees took a default judgment against him on January 27, 1981. Judgment of eviction was rendered against him based on LSA-C.C.P. art. 4732 which provides that at the trial of the rule of possession, "[i]f the court finds the lessor or owner entitled to the relief sought, or if the *288 lessee or occupant fails to answer or to appear at the trial, the court shall render immediately a judgment of eviction ordering the lessee or occupant to deliver possession of the premises to the lessor or owner." According to appellees' attorney, neither an answer nor a motion for continuance were present in the record or in the Clerk's Office at the time of the judgment. Appellant asserts that they were misplaced by the Clerk's Office.
On February 5, 1981, appellant filed a Rule to Show Cause Why the Judgment Rendered in Rule on the 27th day of January, 1981 Should Not be Vacated. Appellees filed an exception, asserting that a rule was the improper procedure to set aside a judgment. The court heard the rule to vacate the judgment on February 20, 1981, maintained appellees' exceptions and dismissed the rule.
On February 23, 1981, appellant filed a Petition for Nullity of Judgment and Injunctive Relief, claiming that the enforcement of the judgment would be unconscionable. He argues that the default judgment was rendered after the court had been informed that no pleadings had been filed by appellant, when shortly after the judgment, the court was presented with the answer and motion for a continuance timely filed. This action was heard by the trial court on January 13, 1982 and denied.
The trial court did not err in denying the appellant's action for nullity of the judgment of eviction.
A valid judgment pursuant to LSA-C.C.P. art. 4732 was obtained against appellant on January 27, 1981. Although the motion for continuance was not in the record at the time, the motion had not been granted or signed by the judge. It is the duty of the mover to inform himself whether or not the court has signed the continuance. Under the circumstances presented here, this was not done, thus the rule was properly heard. Without verification of the motion for continuance being granted, it was incumbent upon mover or mover's counsel to appear at the hearing. The alleged understanding between counsel is of no moment. Stephens v. Stephens, 407 So.2d 475 (La.App. 1st Cir.1981). Appellant contends that the judgment of eviction was a "default" judgment, and illegally rendered because an answer had been filed. Nonetheless, under LSA-C.C.P. Art. 4732, a summary matter, the court properly ruled on the evidence presented and found sufficient evidence to evict defendant.

Judgment Awarding Damages and Dismissing the Reconventional Demand
On March 21, 1981, in Case No. 241-640, appellees filed suit against appellant for four months past-due rent, totaling $700, legal interest and attorney's fees. Appellant answered and filed a reconventional demand against appellees for the amount of $25,300 alleging: 1) Failure to account for or return the $100 deposit he had previously given appellees, 2) Their engaging in business as a partnership without filing articles of partnership or a trade name affidavit as required by the criminal laws of the State of Louisiana, 3) The filing of numerous and repetitive lawsuits against appellant, the defenses of which have cost him time and money, 4) Defamation, 5) Failure to provide premises which meet the minimum standards required by law in the City of New Orleans and failure to make necessary repairs, 6) Failure to provide proper security which subjected defendant to a burglary of $250 in cash, and 7) Failure to properly screen tenants which caused disturbances in the area resulting in mental suffering and possible loss of reputation to appellant. The trial court dismissed appellant's exceptions and awarded appellees $700.00 in past due rent together with 20% attorney's fees and legal interest. From this judgment appellant appeals.
Appellant was given a written lease for Apartment B for $160.00 per month which rent was increased to $185.00 per month by letter to appellant from appellees. Appellant admits that the agreed rent was $175.00 per month, and according to Trapani's testimony, appellant agreed to the increase and paid it for several months after the notice. The lease states that the rent is *289 due on the first of each month, however, if paid within five days after it is due, there would be a $10.00 discount, thus the rent would be $175.00.
Appellant claims that he mailed the rent on October 31, 1981, however, appellees did not receive the check until November 7, 1981, two days after the rent was due. On November 7, 1981, appellees mailed the check back to appellant along with notice of appellees' intention to file a rule for possession against appellant. Monthly rental checks for December, January, and February were mailed to appellees at the beginning of each respective month. However, each was returned to appellant with an explanation that appellant was in the process of being evicted, and to accept the rent would upset this rule for possession.
Appellant breached his obligation in the lease by not paying his rent when due, and there is sufficient evidence in the record to support this finding of the trial court and an award of $700.00 to appellees for the rents for the months of November, December, January and February.
Attorney's fees were properly awarded to appellees based on Lassen v. Otalvaro, 391 So.2d 1378 (La.App. 4th Cir. 1980) which holds that:
"Under lease providing that in case an attorney was employed to protect any right of lessor or lessees arising under the lease the party whose actions or inactions necessitated such employment shall pay additionally a reasonable attorney's fee, lessor who was entitled to total amount of delinquent rental that was due was entitled to attorney's fees."
Appellant's lease contained a clause requiring him to pay 20% attorney's fees if the lessor must employ an attorney to enforce the lease.
Several claims for damages were presented by appellant in his reconventional demand, all of which were denied by the trial court. Appellant argues that appellees have been engaging in a business as a partnership without having filed a trade name affidavit as required by LSA-R.S. 51:281.
No evidence was adduced by appellant to support these allegations, nor did appellant prove any damages as a result of an alleged violation of the penal statute. We thus find no error in the trial court's ruling.
Appellant alleges that appellees have filed numerous and repetitive lawsuits against appellant which have cost him time and money entitling him to damages.
Malice is a necessary element which must be proved for an action for malicious prosecution to lie, Vasseur v. Eunice Superette, Inc., 386 So.2d 692 (La.App. 3rd Cir.1980), writ refused 393 So.2d 747 (La.1980). For purposes of malicious prosecution, malice exists when a charge is made with knowledge that it is false or with reckless disregard for truth. Hill v. Smith, 399 So.2d 708 (La.App. 1st Cir.1981). The appellant simply failed to prove any malice existed on behalf of appellees in their filing of law suits against him.
Appellant's action for defamation is also without merit. He asserts in his testimony that "... I have heard Mr. Trapani say to people in my presence that I was a liar, heard him tell the people in the Clerk's Office that I was in fact a slickster or somebody that was trying to cheat him."
The plaintiff in a defamation suit must establish the following elements: defamatory words; publication, that is, communication to persons other than the one alleging the action; falsity; malice, actual or implied; and resulting injury. Desselle v. Guillory, 407 So.2d 79 (La.App. 3rd Cir. 1981). Appellant did not show when or to whom the alleged defamatory statements were made, and furthermore, failed to prove loss of income, loss of reputation, or any other damages resulting therefrom.
Appellant contends that appellees failed to provide premises which meet the minimum standards required by law in the City of New Orleans. Nonetheless, he failed to produce evidence of this at trial as there was no testimony from city inspectors as to any housing or safety violations. The uncertified copy of a citation by the Fire *290 Department was properly excluded by the trial court as hearsay.
Appellant argues that he is entitled to damages due to appellees' failure to make necessary repairs to the apartment after notification thereof by letter. This contention is without merit.
The law provides that the lessee may be expelled from the property if he fails to pay the rent when it becomes due. LSA-C.C. art. 2712. The neglect of the lessor to fulfill his engagements may give cause for a dissolution of the lease. LSA-C.C. art. 2729. If the lessor refuses or neglects to make the necessary repairs, the lessee may himself cause those repairs to be made and deduct the price from the rent due, on proving that the repairs were indispensible and that the price which he has paid was just and reasonable. LSA-C.C. art. 2694.
In citing these articles, the court in Cameron v. Krantz, 299 So.2d 919 (La.App. 3rd Cir.1974) states:
"The jurisprudence interpreting these articles of the Civil Code is settled that a lessor's breach of his obligation to repair the leased premises does not exonerate the lessee from his obligation to pay the stipulated rental if he continues to occupy and use those premises. If the lessor fails to make the repairs required by the lease contract or by law, the lessee at his option may either (1) complete the repairs himself within a reasonable time, and deduct the cost of them from the rent to become due, on proving that the repairs were indispensible and that the price which he has paid was just and reasonable, or (2) he may terminate the lease and surrender possession of the premises to the owner."
If lessee does neither, as in the instant case, failure to pay the rent constitutes a breach of the lease, entitling lessor to the total amount of the delinquent rent that was due. Lassen v. Otabvaro, supra.
Appellant argues that appellees failed to properly screen tenants which has subjected him to police raids and visits and has exposed him to gunplay in the patio. He further alleges that appellees knowingly permitted female and transexual prostitutes to rent apartments and ply their trade in the building, sometimes in an obvious manner, which has caused him mental suffering and possible loss of reputation. The trial court did not err in refusing to award appellant damages. Appellant failed to prove these occurrences took place. Furthermore, in Louisiana, a lessor has no such obligation to screen tenants.
In this case, the trial judge made evaluations and conclusions which upon our independent examinations of the record show us were not "clearly wrong". Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Finally, appellant contends that appellees have failed to account for or return the $100.00 deposit he had previously given appellees. Appellant claims he is entitled to judgment refunding the deposit, awarding him $200.00 damages and reasonable attorney's fees.
LSA-R.S. 9:3251 reads as follows:
§ 3251. Lessee's deposit to secure lease; retention by lessor; itemized statement by lessor
"Any advance or deposit of money furnished by a tenant or lessee to a landlord or lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee of dwelling premises within one month after the lease shall terminate, except that the landlord or lessor may retain all or any portion of the advance or deposit as is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefore. The tenant shall furnish lessor a forwarding address at the termination of the lease, to which such statements may be sent.

*291 The foregoing provisions shall not apply when the tenant abandons the premises, either without giving notice as required, or prior to the termination of the lease."
LSA-R.S. 9:3252 reads as follows:
§ 3252. Damages.
"The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor. Failure to remit within thirty days after written demand for a refund shall constitute willful failure."
LSA-R.S. 9:3253 provides:
"In an action brought under R.S. 9:3252, the court may in its discretion award costs and attorney's fees to the prevailing party."
LSA-R.S. 3254 states:
"Any waiver of the right of a tenant under this part shall be null and void."
The record does not disclose that appellees sent appellant an itemized statement accounting for the retained $100.00 deposit with reasons for retention within one month after the tenancy terminated as required by the statute.
Even if there is valid dispute over the lease, the lessor must comply with this section or suffer penalties provided under R.S. 9:3252 and R.S. 9:3253. Altazin v. Pirello, 391 So.2d 1267 (La.App. 1st Cir. 1980).
It appears that appellant is not entitled to the damages of $200.00 provided by LSA-R.S. 9:3252 (willful failure to comply with R.S. 9:3251) because there is no evidence in the record that appellant made a written demand for a refund. Appellant should, however, be awarded $100.00, the amount of his deposit that was withheld.
Accordingly, for the reasons expressed above, the judgment of the court below is amended to award appellant the $100.00 retained deposit. In all other respects, the judgment of the lower court is affirmed. Costs to be borne by appellant.
AMENDED IN PART AFFIRMED.