CRAIN, Judge.
The trial court rendered judgment ordering defendant Juban Lumber Company (Ju-ban) to return plaintiff Sheila Maxie’s $100.00 rental deposit, but denying attorney’s fees and damages. Plaintiff appeals.
On May 9, 1980, Mrs. Sheila Maxie paid Juban $100.00 as a deposit on a rental house. On May 26, 1980, Mrs. Maxie also signed a document furnished by Juban which set forth five conditions precedent to the return of her security deposit. One of those conditions required two weeks’ notice before leaving. Mrs. Maxie later moved into another of Juban’s rental houses, and her original security deposit was transferred to the new rental.
On May 18, 1982, Mrs. Maxie gave notice to Juban’s rental manager, Mrs. Prescott, that she would be moving out of the house on June 1, 1982. However, because Mrs. Maxie was moving to a house which was not yet completed, she asked and was allowed to continue renting after May 31, 1982, on a week-to-week basis. This arrangement continued until June 19,1982, at which point she was allowed to pay $17 for her last three days rent. She returned the key and vacated the house on the 21st day of June.
Mrs. Maxie first asked for her deposit back either on the 19th or 22nd of June. She was informed by Mrs. Prescott that it would take a few weeks. Mrs. Maxie continued to call and inquire about it weekly until Mrs. Prescott finally told her the deposit was not going to be returned at all due to Mrs. Maxie’s failure to give two weeks’ notice of leaving.
On September 28, 1982, Mrs. Maxie filed suit against Juban demanding her deposit back, plus damages and attorney’s fees. After trial on the merits, the court awarded Mrs. Maxie her $100.00 deposit back, but denied attorney’s fees and damages. From that judgment Mrs. Maxie appeals, assigning as error the trial court’s denial of attorney’s fees and damages.
La.R.S. 9:3251 provides that a deposit of money by a lessee to secure the performance of any part of a lease shall be returned to the lessee within one month after the lease terminates with the exception that a lessor may retain all or any portion of the deposit reasonably necessary to remedy a default of the tenant. In the event the lessor retains the deposit, the lessor must forward to the lessee within one month of the date the tenancy terminated, an itemized statement accounting for the proceeds which are retained and the reasons therefor. “Willful failure” to comply with La.R.S. 9:3251 by the lessor, gives the lessee the right to recover damages. Failure to remit within thirty days after written demand for a refund constitutes “willful failure”. La.R.S. 9:3252. The court *183 may in its discretion award costs and attorney’s fees. La.R.S. 9:3253.
Juban never sent Mrs. Maxie the itemized statement accounting for her deposit as required by La.R.S. 9:3251. Even if there is a valid dispute over a lease, the lessor must comply with this section or suffer the penalties provided under La.R.S. 9:3252 and La.R.S. 9:3253. Altazin v. Pirello, 391 So.2d 1267 (La.App. 1st Cir.1980). However, in order to recover damages for willful failure to comply with La.R.S. 9:3251, the lessee must have made written demand upon the lessor. La.R.S. 9:3252; Trapani v. Morgan, 426 So.2d 285 (La.App. 4th Cir.1983), writ denied, 433 So.2d 165 (La.1983). Mrs. Maxie did not make written demand upon Juban, therefore the trial judge was correct in denying her claim for damages.
Appellant also assigns as error the trial court’s denial of attorney’s fees under La.R.S. 9:3253. That statute allows the court in its discretion to award attorney’s fees to the prevailing party in an action under La.R.S. 9:3252. Since we agree with the trial court’s determination that appellant is not entitled to damages under La. R.S. 9:3252, La.R.S. 9:3253 is inapplicable, and the trial court properly denied attorney’s fees.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by the appellant.
AFFIRMED.