KLEES, Judge.
In this landlord-tenant dispute, plaintiff lessor appeals a judgment and an award of damages in favor of defendant lessees. After a trial on the merits, the court rendered a judgment in favor of the defendant lessees and awarded them $2,491.00 for damages. From that judgment, plaintiff lessor appealed.
On September 11, 1985, plaintiff lessor, David Oestreicher, II, entered into a three-year lease of commercial property located at 409 Decatur Street with the defendant lessees Hope Harrell and Paulette Beni *1307 ate. The defendants leased the ground floor of the three story premises for the purpose of operating a bar. The terms of the lease agreement provided that the lease was to run from November 1, 1985 through October 31, 1988, at a rental rate of $2000.00 per month due on the first of each month.
On appeal, the plaintiff lessor argues the trial court erred in failing to find that the defendants owed him $2000.00 for past due rent for the month of May, 1986 and for failing to terminate the lease agreement. The plaintiff further contends that the trial court improperly awarded the defendants damages.
At the inception of the lease between the plaintiff and defendants, the parties were aware that the ground floor of the building needed some renovation in order to operate the premises as a bar. The terms of the lease agreement and its addendum provided:
“Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to promptly so notify Lessor, in writing of any such defects, Lessee will become responsbile for any damage resulting to Lessor or other parties.”
[[Image here]]
“Lessee pays for all improvements including plumbing, air-conditioning, and electrical, which must be done and approved under Code of the City of New Orleans. These improvements shall be made only to and within the four walls of their premises and Lessor shall be responsible for any repairs above the ceiling, below the floor or between the walls. Any necessary repairs by the Lessor shall be made timely with their renovations and in the event it is not, Lessee shall have the right to make the repairs and deduct the cost from any future rents.”
The defendants were to open their bar on October 31, 1985. Prior to this date the defendants started improvements to the interior of the premises in order to convert it to a bar. An air conditioning system was one such improvement but could not be installed due to a rotten roof. After contacting the plaintiff about the condition of the roof, the defendants had a roofer repair the roof and deducted the costs of the repairs from the first month’s rent due on November 1, 1985. The plaintiff, by letter dated November 5, 1985, objected to the defendants’ deducting the total costs of the repairs from the November rent because he had not approved all of the costs, and stated that the letter was to serve as notice to the defendants that they were not to make any deductions for repairs from future rent payments unless they gave him reasonable opportunity to make each repair. The plaintiff reluctantly accepted the defendant’s November rent check and deposited it in the bank. In January of 1986, the roof began leaking again. The defendants again refused to pay the rent due February 1, 1986 because of the roof. On February 13, 1986, the plaintiff wrote a letter to the defendant’s attorney and informed him that he had contracted with a roofer to fix the roof on Friday, February 14 but that the defendants wanted to postpone the repair work until Monday, February 17 because they did not want to close for the weekend. The new roof was completed on February 18 and the defendants gave plaintiff a check in the amount of $1483.01 representing the February, 1986 rent after they deducted certain itemized expenses due to water damage to the inventory. On May 1, 1986, the defendants failed to pay their May rent. Their attorney, by letter dated May 5, 1986, informed the plaintiff that the defendants were withholding the *1308 May rent because the roof continued to leak. On May 6, 1986, the plaintiff sent the defendants a letter by certified mail which stated that in accordance with the lease provision, he was deducting the amount of $50.00 per day from the security deposit until the defendants paid the rent, and that he considered the defendants’ failure to pay the May rent as a breach of the lease agreement. The following month the defendants again did not pay the rent on time. The plaintiff then filed suit on June 11, 1986.
The plaintiff argues that he is entitled to $2000.00 in past due rent for the month of May, 1986. Defendant Hope Harrell testified that they did not pay the plaintiff the May rent when it was due because the roof was leaking and that their attorney sent a letter dated May 5, 1986 informing the plaintiff of their reasons for withholding the May rent. Furthermore, Ms. Harrell testified that they had not paid the rent for May, 1986 because they received an undated letter from the plaintiff during the month of May which stated that he was deducting the May rent from their security deposit. She also testified that she assumed the plaintiff did just that because they were never informed otherwise.
The law is well settled that the lessee may be expelled from the property if he fáils to pay the rent when it becomes due. LSA-C.C. art. 2712. The neglect of the lessor to fulfill his engagement may give cause for dissolution of the lease. LSA-C.C. 2729. If the lessor refuses or neglects to make the necessary repairs, the lessee may himself cause those repairs to be made and deduct the price from the rent due, on proving that the repairs were indispensable and that the price which he has paid was just and reasonable. LSA-C.C. art. 2694. Also, a lessee may not anticipate refusal or neglect to make the repairs or withhold rent to apply economic pressure on a lessor. LSA-C.C. art. 2694; Davilla v. Jones, 436 So.2d 507 (La.1983).
The Louisiana jurisprudence interpreting these Civil Code articles is settled that a lessor’s breach of his obligation to repair the leased premises does not exonerate the lessee from his obligation to pay the stipulated rental if he continues to occupy the premises. If the lessor fails to make the repairs required by the lease contract or by law, the lessee at his option may either (1) complete the repairs himself within a reasonable time, and deduct the cost of them from the rent to become due, on proving that the repairs were indispensable and that the price which he has paid was just and reasonable, or (2) he may terminate the lease and surrender possession of the premises to the owner. Trapani v. Morgan, 426 So.2d 285 (La.App. 4th Cir.1983), writ denied, 433 So.2d 165 (La.1983).
If the lessee does neither, failure to pay the rent constitutes a breach of the lease, entitling the lessor to the total amount of the delinquent rent that was due. Lassen v. Otalvaro, 391 So.2d 1378 (La.App. 4th Cir.1980).
In this matter the record reflects that the defendants made a deposit on August 5, 1986 in the registry of court of $4,000.00 representing rent for the months of July and August. The defendants made another deposit on August 21, 1986 of $2000.00. The Clerk of Court’s notation entered in the record states that this $2,000.00 deposit represented the May rent. The following day the plaintiff withdrew the entire $6000.00 sum from the registry of the court representing rent for three months, presumably, June, July, and August. Although the entry made by the clerk’s office shows a payment deposit for May rent, it is apparent the clerk’s entry was an error and the notation should have been marked rent due for June rather than May. Furthermore, the plaintiff’s testimony indicates that, contrary to his demand, the $2000.00 May rental payment was never deducted from the defendants’ security deposit. Thus, we conclude that this amount is still held as a security until termination of the lease. Therefore, we conclude the trial judge’s finding that the defendants did not owe the plaintiff past due rent was in error *1309 and hold that the defendants owe the plaintiff $2000.00 representing past due rent for the month of May, 1986.
The next issue to be considered is whether the trial judge wrongfully awarded defendant lessees $2,491.00 for damages. We find the amount awarded to be excessive. In the absence of Written Reasons for Judgment, we can only assume the trial judge derived the aforementioned amount from an invoice proffered into evidence by the defendant lessees. The invoice from Total Construction Services was given to the plaintiff on June 25, 1986 after he filed the suit for past due rent and termination of the lease. The invoice itemized the costs of the renovations and repairs that the defendants were to have done on the premises. Under the written terms of the lease, the plaintiff lessor was responsible for damages caused by leaks in the roof where he neglected or failed to remedy the defect within reasonable time after receiving written notice of the defect. The evidence before us indicates that the plaintiff received written notice on May 5, 1986 from the defendants that the roof continued to leak despite plaintiff’s attempt to repair it in February. The defendants refused to pay the May and June rent and the plaintiff still had not fixed the leak when the defendants tendered him the invoice from Total Construction Services. Of the $2,491.00 amount, $981.00 was the cost of the repairs to the damaged walls and the ceiling in the hallway and restroom as a result of plaintiffs failure to timely repair the defect in the roof. Therefore, we conclude that the $2000.00 the defendants owe the plaintiff lessor for past due rent for May, 1986 should be offset by the $981.00 in expenses incurred by the defendants as a result of the plaintiff lessor’s failure to timely repair the roof. The remaining $1510.00 of expenses on the invoice are for renovations which under the terms of the lease are the responsibility of the defendants.
For the foregoing reasons, judgment is rendered in favor of plaintiffs in the amount of $2000.00 representing past due rent for May 1986, offset by $981.00 for the cost of repairs incurred by defendants as a result of plaintiff's failure to timely repair the defect in the roof; or a total of $1019.00. Costs of this appeal to be borne equally by both sides.
REVERSED IN PART AND RENDERED.