SARAH MAHER *et al. vs.* JAMES HANLEY BREWING CO.

PROVIDENCE—NOVEMBER 13, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Landlord and Tenant. Tenancy at Will.*

Where no contract of hiring was completed, but defendant occupied the premises without rent and without any time agreed upon to limit the occupation and without in any way binding himself to become a tenant for any definite time or at any agreed price, his occupation is that of a tenant at will.

TRESPASS AND EJECTMENT. At the trial defendant requested the court to charge as follows:

1st. "If the jury find that the defendant entered into possession of the store under its mortgage, with the knowledge and acquiescence of the plaintiff, who afterward accepted rent, the relation of landlord and tenant existed, and the defendant was neither a tenant by will or sufferance."

2nd. "If the jury find at the mortgage sale the plaintiff's agent represented that the purchaser could continue in the store as a tenant upon the terms of the then hiring, and afterward the defendant, relying on that statement, entered

into possession of the store and paid rent, the defendants were not tenants at will."

Refused. Heard on petition of defendant for new trial, and new trial denied.

(1) · PER CURIAM. The evidence does not show or tend to show that the defendant completed any contract of hiring with the plaintiffs. It occupied the premises without rent and without any time agreed on to limit the occupation. It had in no way bound itself to become a tenant for any definite time or at any agreed price. Such an occupation is a tenancy at will. *Johnson v. Johnson*, 13 R. I. 467.

Under such testimony the defendant's requests to charge were properly refused.

Petition for new trial dismissed.

*John Doran*, for plaintiffs.

*Charles E. Gorman*, for defendant.