DAVID BRIAN KRALL *vs.* M. A. GAMMINO CONSTRUCTION CO.

APRIL 1, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is an action of trespass on the case for negligence which was tried to a justice of the superior court without a jury and resulted in a decision for the plaintiff for $1,100 and costs. The case is here on the defendant's bill of exceptions to the decision and to certain evidentiary rulings.

The plaintiff's cause of action arose out of a collision between his automobile and defendant's large Mack truck on Fish Road in the town of Tiverton. The accident happened at about 1:00 p.m. on October 24, 1961. Fish Road is a public highway running generally north and south with a lane for traffic in each direction. At the point where the collision occurred defendant had improvised a driveway leading out of its land situated on the westerly side of Fish Road. At the northwesterly corner of the driveway a huge bank of sand made the corner blind for traffic proceeding south on Fish Road. On the day of the accident and for a considerable time previously defendant employed a watchman to warn traffic on Fish Road whenever one of defendant's trucks was approaching the road from the driveway.

The plaintiff was familiar with this location and was aware of the reason for the posting of the watchman on Fish Road. He testified that on the day of the accident he was driving his car southerly on Fish Road at about 35

miles per hour and that as he approached the driveway he saw the watchman at the side of the road with his back toward him. Apparently it was the watchman's custom to warn traffic on Fish Road when a truck was coming out of the driveway and about to cross the road. Since he did not do so on this occasion plaintiff did not stop but proceeded along the road and was suddenly confronted with defendant's truck.

The defendant's watchman testified to the contrary. He claimed that he gave the usual warning and that plaintiff, who was driving at a fast rate of speed ignored it. The operator of the truck testified that the watchman gave him the signal to proceed across Fish Road and that as his truck came out into the road he saw plaintiff's car coming at about 40 to 50 miles per hour, that he stopped the truck and the right side of the car hooked into his large front bumper. The front of the truck was then well into Fish Road.

The trial justice resolved this conflicting testimony in favor of plaintiff. Whether a warning was given by the watchman and ignored by plaintiff was a question that rested for its solution on the credibility of the witnesses, and the trial justice chose to believe plaintiff. Ordinarily the decision of a trial justice on credibility is conclusive *Weinbaum* v. *Weinbaum,* 81 R. I. 375, and will not be disturbed by this court unless he has misconceived or overlooked important evidence or there is a clear indication in the transcript that he was mistaken in his judgment of the witnesses. *Dockery* v. *Greenfield,* 86 R. I. 464. We find no such indication in the transcript in the instant case.

In the circumstances the trial justice found that plaintiff was traveling at a reasonable rate of speed on a public highway and that he was not guilty of contributory negligence in driving as he did approaching the driveway. He refused to accept defendant's contention that the rule of the road

governing the right of way of operators of vehicles at public highway intersections as laid down in *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, was applicable.

The defendant contends that the trial justice erred in not doing so and cites *Edwards* v. *Johnson*, 71 R. I. 67, in further support of its contention. Neither that case nor *Dembicer* is in point. Each involved a collision at the intersection of two public highways. The instant collision did not. Here plaintiff was traveling at a reasonable speed on a public highway and defendant's truck was entering it from a private driveway. In such a case the rule of the road giving the vehicle approaching from the right at road intersections the right of way does not apply. *Snibbe* v. *Robinson*, 151 Md. 658; *Uhl* v. *Fertig*, 56 Cal. App. 718. See *Woodward* v. *O'Driscoll*, 44 R. I. 487. See Annot., 50 A.L.R. 283.

We are of the opinion that the trial justice did not misconceive the evidence on the issue of liability. On that issue, therefore, his decision is entitled to great weight and will not be disturbed unless it is clearly wrong. This is our long-established rule in cases where the parties have submitted their controversy to the decision of the trial justice without the intervention of a jury. *Sowa* v. *Nevcherlian*, 89 R. I. 39.

However, on the issue of damages defendant contends that the trial justice's decision is based on two items of inadmissible evidence to which it objected and that for such reason with others the damages awarded are grossly excessive. It appears from the evidence that plaintiff's property loss was $320. The balance of the award of $1,100 was attributable to medical expenses of $88 and pain and suffering.

The evidentiary exceptions related to two questions with reference to an opportunity which plaintiff had for obtaining employment and which he was unable to avail himself

of because of the injuries received in the accident. If the allowance of the questions was error we think the error was harmless. The apparent purpose of the interrogation was to furnish evidence of damages due to loss of employment. But the answers produced no such evidence and it is wholly unlikely that they enhanced in any appreciable degree the trial justice's assessment of the damages beyond the total amount allocable to property loss and medical expenses.

This leaves for consideration the final question whether on all the evidence the damages allocable to pain and suffering are grossly excessive. After a careful perusal of the transcript we have no hesitancy in saying that they appear rather generous considering the quantity as well as the quality of the medical evidence relating to the plaintiff's personal injuries. They are substantially larger than we would have thought reasonable compensation were we in the trial justice's place. But that is not our province here. Unless we can say that they are grossly excessive we cannot disturb them. This we are unable to do and therefore the award must stand.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Paul M. Chappell,* for plaintiff.

*Joseph A. Kelly,* for defendant.