248 A.2d 69.

STAR DINETTE & APPLIANCE CO. *vs.* JACK SAVRAN.

NOVEMBER 29, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a civil action brought by the plaintiff seeking specific performance by the defendant of an alleged oral agreement for a lease of certain premises in the city of Providence. The case was heard before a justice of the superior court sitting without a jury. After hearing on complaint, answer and proof, he rendered a written decision in favor of the plaintiff and, accordingly, ordered that a judgment be entered ordering the defendant to execute and deliver to the plaintiff a lease in accordance with the plaintiff's version of the oral agreement. The case is before us on the defendant's appeal from the judgment entered pursuant to the trial justice's decision.

No useful purpose will be served by discussing the sharply conflicting evidence relating to the existence, or nonexistence, of the oral agreement between the parties. It is sufficient to point out that a resolution of the decisive fact

issue created by the conflicting evidence turned on credibility.

The trial justice, in a lengthy and well-reasoned decision, reviewed and analyzed the evidence and accepted plaintiff's version of what transpired between the parties. He recognized that plaintiff's claim was based on an oral promise and, as such, was unenforceable under the statute of frauds, G. L. 1956, §9-1-4. However, he concluded that the agreement was enforceable under the doctrine of part performance. He pointed out that in order to obtain relief under such doctrine, the terms of the requested lease must be sufficiently clear as not to leave them in doubt, and the possession and improvements in reliance upon the agreement must be substantial and clearly shown. *Peckham* v. *Barker*, 8 R. I. 17. He also noted that to overcome the statute in a case such as this, the evidence must be clear and convincing. *Tillinghast* v. *Harrop*, 63 R. I. 394, 9 A.2d 28; *Chamberland* v. *Goldberg*, 89 R. I. 223, 233, 152 A.2d 219, 224. He found that plaintiff's evidence met the tests prescribed in the above-cited cases and concluded that the terms of the lease had been "firmly and accurately" established.

Based on the facts as found, it is our judgment that the legal conclusion reached by the trial justice is correct. In the circumstances the only question left for our determination is whether his findings are supported by competent evidence. Ordinarily, as the court said in *Krall* v. *M. A. Gammino Construction Co.*, 97 R. I. 495, 497, 199 A.2d 122, 123, the finding of a trial justice on credibility is conclusive and will not be disturbed by this court unless he has misconceived or overlooked important evidence or if there is a clear indication in the transcript that he was mistaken in his judgment of the witnesses. Under our rule the appellant has the burden of establishing that the trial justice either misconceived or overlooked material evidence, or was

clearly wrong in his finding on credibility of the witnesses. *Feole* v. *Pagano,* 100 R. I. 311, 312, 214 A.2d 898, 899. In the case at bar the defendant has failed to meet that burden and the judgment must therefore stand. The contentions of the defendant not specifically referred to by us have been considered and found to be without merit.

The judgment is affirmed.

*Milton Bernstein,* for plaintiff.

*Nathan E. Pass, Aaron Rickles,* for defendant.