R.W.P. CONCESSIONS, INC.

v.

RHODE ISLAND
ZOOLOGICAL SOCIETY.

82–418–Appeal.

Supreme Court of Rhode Island.

Jan. 30, 1985.

---

Raymond A. Tomasso, Providence, for plaintiff.

Howard E. Walker, Hinckley & Allen, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought by the plaintiff, R.W.P. Concessions, Inc., a Rhode Island corporation, to enforce an oral agreement with the defendant, Rhode Island Zoological Society, a Rhode Island corporation, for the lease of certain premises in Roger Williams Park with the right to sell food, beverages and novelties. The case was heard before a justice of the Superior Court sitting without a jury, who, after a hearing, found that there was no written contract between the parties and denied the defendant's prayer for relief. On the defendant's counterclaim, however, the judge awarded the sum of $69,685.82 together with interest and costs. The plaintiff appeals from the judgment.

During the course of the trial, the following evidence was developed. The defend-

ant holds a lease with the city of Providence under which it has the exclusive right to sell food, beverages and novelties in Roger Williams Park. These concession rights are assignable with the consent of the Providence Board of Park Commissioners. One of the principals in plaintiff corporation, Edward J. Kelly, has operated the concessions in the park for a number of years. Kelly was approached by representatives of defendant in April 1980 regarding the purchase of the concession rights. Kelly refused defendant's overture, but shortly thereafter joined together with Raymond A. Tomasso to form R.W.P. Concessions, Inc. in a joint effort to secure the concession rights.

Negotiations between plaintiff and defendant for the concession rights commenced in May. Meetings were held, conversations took place, documents were exchanged—but at no time did the parties sign and execute an agreement. A proposal covering the zoo concessions, one satisfactory to both defendant and plaintiff, was submitted to the Commissioners for approval on May 20, 1980. The Commissioners deferred action on the proposal, but after the meeting Sophie Danforth, chairperson of the defendant board of directors, instructed plaintiff's representatives to begin immediately to set up the concessions within the zoo, while she took care of having the proposed contract approved. Whereupon, plaintiff was placed in possession of the premises and commenced making the necessary capital improvements to open the concessions.

Soon thereafter, plaintiff submitted a second proposal covering concession rights for the entire park, which defendant rejected at a June 26, 1980 meeting. On August 8, 1980, defendant notified plaintiff that it was withdrawing all offers for the sale of concession rights and gave notice that plaintiff should vacate the premises within thirty days.

The plaintiff contends that it made substantial expenditures of time and money in reliance upon the oral agreement, sufficient to constitute part performance and to take an otherwise unenforceable oral agreement out of the statute of frauds.

The sole issue before the court is whether plaintiff had performed part of the agreement sufficient to remove the oral contract from the statute of frauds.

Pursuant to G.L.1956 (1969 Reenactment) § 9–1–4, a contract for the sale of an interest in real estate must be in writing and signed by the party to be charged to be enforceable. We have stated as a general rule, however, that an oral agreement is enforceable under the doctrine of part performance. Nevertheless, the terms of the agreement must be clear and the possession or improvements in reliance thereon must be substantial and clearly shown. *Star Dinette & Appliance Co. v. Savran*, 104 R.I. 665, 666, 248 A.2d 69, 70 (1968); *Tillinghast v. Harrop*, 63 R.I. 394, 9 A.2d 28 (1939). Once these threshold requirements have been met and the party seeking enforcement has performed to such an extent that repudiation of the contract would lead to an unjust or fraudulent result, the court will disregard the requirement of a writing and enforce an oral agreement. *Summerlot v. Summerlot*, Ind.App., 408 N.E.2d 820, 828 (1980).

The trial justice, after reviewing and analyzing the evidence, found that plaintiff's performance either arose before the oral agreement or after the August 8 repudiation, and thus performance on the part of plaintiff did not remove the oral contract from the statute of frauds. The trial justice found, however, that an enforceable oral agreement commenced between the parties when defendant informed plaintiff that it could prepare to open the zoo concessions for the season. The term of operation of this concession was to run for less than a year [1] and constituted an extension

1. Kelly's concession rights were extended by oral agreement, commencing June 1, 1980, and continuing to December 31, 1980. This portion of the agreement has been performed fully and

of an existing agreement between Kelly and defendant rather than an entirely new agreement.

■ We have repeatedly stated that the findings of fact by a trial justice sitting without a jury are given great weight and will not be overturned unless they are clearly wrong or the trial justice misconceived or overlooked material evidence. The plaintiff in the instant case has failed to show such error by the trial justice. *Capuano v. Kemper Insurance Co.,* R.I., 433 A.2d 949, 956 (1981).

■ A reading of the record clearly indicates that there was substantial evidence to support the findings of the trial justice. The evidence demonstrates that no permanent improvements were undertaken by plaintiff to ready the concession for operation. All equipment could be removed at the termination of the operating relationship. The record is also clear that plaintiff failed to meet most of its obligations under the contract. Rent was never paid, the $25,000 payment due June 1, 1980, was not made, nor was appropriate fire insurance procured. Where capital improvements are readily removed and obligations due under the contract have not been satisfied, the reliance necessary to invoke the doctrine of part performance has not been established. *Star Dinette & Appliance Co. v. Savran,* 104 R.I. at 666, 248 A.2d at 70. Moreover, we are satisfied that the evidence supports a determination that a temporary extension of a prior agreement between the parties was effected. Mr. Meller, defendant president, testified to the temporary arrangement negotiated by Mrs. Danforth. Although defendant's board did not act upon the May 20, 1980 contract proposal for the concession rights within the zoo, it cannot be said that defendant did not countenance Mrs. Danforth's offer for a continuation of the prior concession agreement.

■ The damage award by the court on the defendant's counterclaim is based upon

is not now in dispute, except in respect to the

the prior operating agreement between Kelly and the defendant. We find no fault with this measure of damages.

Accordingly, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.