DECISION
The case before this Court involves a landlord's appeal in a commercial trespass and ejectment suit for non-payment of rent pursuant to G.L. 1956 § 34-18.1-9. Jurisdiction of this Court is pursuant to subsection § 34-18.1-9(4).
Facts and Travel
Elm Realty Inc. owns and leases commercial space to Antonio Brache d/b/a Pito's Furniture. The rental space in question consists of two adjoining commercial units located at 603-605 Elmwood Avenue in Providence, Rhode Island.
Elm Realty Inc. is the title owner of the Elmwood Avenue property. It filed for bankruptcy status under Chapter 11 in 1994. On September 23, 1994, Andrew S. Richardson, Esq. was appointed Chapter 11 trustee for Elm Realty, Inc. The plaintiff received payment from the defendant in October, 1994, November, 1994, and January, 1995, in the amount of $1,100.00, $1,325.00, and $600.00, respectively.
After notifying the defendant by mail of its non-receipt of further payment, the plaintiff instituted this action by filing a complaint in District Court, seeking eviction for non-payment of rent, possession of the property, and back rent. At issue is the amount of back rent owed. Plaintiff alleges that the defendant owes $1,100.00 per month beginning in February of 1995, plus another month's rent for the month of December, 1994, which allegedly was unpaid. Defendant, on the other hand, counters that the monthly rent agreed upon was, and still remains, $600.00 per month, as per the written lease agreement.
The District Court denied the plaintiff's motion for eviction and allowed payment for arrearage in the amount of $956.00 for one month's back rent plus interest and costs. The plaintiff now appeals that decision.
DISCUSSION
In an appeal from the District Court to the Superior Court concerning a landlord-tenant action, the parties are entitled to a de novo hearing. First Fin. Serv. Corp. v. Van Damm,566 A.2d 390 (R.I. 1989), cert. denied, 495 U.S. 936, 110 S.Ct. 2182, 109 L.Ed 2d 511 (1990). As such, this Court is entitled to assess the credibility of witnesses before it. Star Dinette ApplianceCo. v. Savran, 248 A.2d 69, 104 R.I. 665 (1968).
Moreover, our Supreme Court has long recognized the right of parties to a rental agreement to vary the terms of that agreement insofar as it relates to the payment of rent. Arcade Co. v. KentCo. Inc., 592 A.2d 135 (1991), (citing Trapani v. Morgan,426 So.2d 285, (La. Ct. App. 1983)). Parties to a rental agreement may vary the terms of that agreement "explicitly by contract or implicitly by, for example, . . . the conduct of the parties."Id. However, where one goes into possession of real estate with the oral consent of the owner, but without completing a contract to become a tenant for a definite time or at an agreed price, he is a tenant at will. Maher v. James Hanley Brewing Co.,
50 A. 330, 23 R.I. 323 (1901), rehearing denied 50 A. 392, 23 R.I. 343
(1901). Where a tenant remains on the owner's land after his lease term has expired, he will be deemed to be a trespasser liable for the reasonable rental value of the land. Ucci v.Mancini, 387 A.2d 1056, 120 R.I. 352 (1978).
It is undisputed that the original lease between Elm Realty, Inc. and Antonio Brache, entered into "as of December 1, 1993," specified that the defendant was to pay $600.00 per month in rent. (See Plaintiff's Response to Requests for Admission, Par. 2). That lease, however, referred only to the 605 Elmwood Avenue unit.
It was clear from Mr. Brache's testimony that at some point in the early part of 1994, he took over the adjoining unit, 603 Elmwood Avenue, in order to expand the size of his furniture store, pursuant to the parties' oral agreement. In so agreeing, the parties created a tenancy at will with respect to that unit.Maher, 50 A. 330. While it is a basic legal tenet that an agreement involving the conveyance of land must satisfy the statute of frauds, an oral lease agreement may be taken out of the statute where there exists clear and convincing evidence that the parties have satisfied the doctrine of part performance.Star Dinette, 104 R.I. at 666, 248 A.2d at 70. Based on the fact that the defendant expanded his furniture store into the adjoining unit, the Court is satisfied that part performance has clearly and convincingly been established, and that a binding lease with respect to unit 603 therefore exists.
It was also clear from Mr. Brache's testimony that the parties had a "loose" agreement as to the custom, habit and manner in which the rent was to be collected. The defendant now argues, however, that the parties did not agree to a rental amount for the adjoining units. While Mr. Brache's testimony regarding the manner in which the parties conducted themselves with respect to the rent collection was buttressed by Mr. Plante, the former president of Elm Realty Inc., the Court found neither the defendant nor Mr. Plante to be credible with respect to the rental amount owed.
On the other hand, the Court finds the plaintiff's assertion that the parties had agreed to a monthly rent of $1,100.00 for both units on Elmwood Avenue, to be credible. The testimony, as well as the facts presented to this Court, clearly indicate that the parties entered into an oral lease with respect to unit 603, which in conjunction with the written agreement regarding unit 605, totalled a monthly rent of $1,100.00.
Before this Court are three checks which were received by Scotti Associates, the present property manager, since October, 1994, two of which are in an amount over $1,000.00. The Court regards the defendant's payment in these higher amounts as further evidence that the parties had agreed to a combined rent of $1,100.00, given the fact that the defendant now occupies two units of property owned by the plaintiff.
Based on the testimony and credible evidence before it, this Court finds the monthly rent owed by defendant is $1,100.00 per month and not $600.00.
As for the second issue presented — whether the plaintiff is entitled to judgment for possession of the premises — the Court finds it is so entitled. R.I.G.L. § 34-18.1-9 plainly states that if in any commercial letting,
 whether by writing or parol, the stipulated rent or any part of the same be due in arrear for a period of more than fifteen (15) days, whether demanded or not, the landlord or reversioner wishing to repossess him or herself of the same from the tenant . . . shall, without the necessity of notice, institute a trespass and ejectment action in the district court, the court may award a plaintiff judgment for possession and for all rent due plus costs.
Unlike the parallel residential landlord-tenant statute, R.I.G.L. § 34-18-35, which allows the tenant five (5) days to cure his non-payment of rent upon notice from his/her landlord, §34-18.1-9 governing commercial real estate leases does not provide the tenant with such an opportunity to cure.
The evidence of record indicates that the property manager, Scotti Associates, notified the defendant on February 6, 1995, that he was in arrears in rental payment for non-payment for the months of December, 1994 and February, 1995. The defendant refused to pay the full amount of $1,100.00 per month, despite the fact that he occupied the two above-mentioned units. The law does not require the plaintiff to chase the defendant any further for payment of rent to which it, the plaintiff, is rightfully entitled, both pursuant to the existing written lease agreement with respect to unit 605 and to the later oral agreement with respect to unit 603.
For the reasons set forth above, this Court reverses the District Court decision and orders that arrearage payment be made to plaintiff in the amount of $5,025.00 plus interest and costs, and that the defendant be removed from the premises pursuant to §34-18.1-9(6).
Counsel shall prepare the appropriate order for entry.