DECISION
Before this Court is an appeal of a tenant in a commercial trespass and ejectment suit for non-payment of rent pursuant to G.L. 1956 (1984 Reenactment) § 34-18.1-9. Jurisdiction of this Court is pursuant to § 34-18.1-9(4).
FACTS AND TRAVEL
The landlord, Sal Solomon ("Plaintiff"), owns and leases commercial property located at 320 Branch Avenue, Providence, Rhode Island. The tenant, Andrea McQuarrie ("Defendant"), at one time leased the commercial property located at 320 Branch Avenue, Providence, Rhode Island. Ms. McQuarrie ran a small variety store, Annie's Variety, at that location.
On August 25, 1994 the Plaintiff filed a trespass and eviction action against the Defendant for non-payment of rent. The matter was heard by the District Court on December 8, 1994.
At the District Court trial, the Defendant argued that the Plaintiff failed to maintain the premises and make repairs to same. The Defendant also claimed that she suffered "harm" due to the Plaintiff's failure to maintain the premises. The District Court judge did not rule on those matters, finding that those matters should be heard either as a counterclaim or as a new case at a later date.
Plaintiff was awarded damages in the amount of $1,650.00 plus interest and court costs; $1,650.00 being the equivalent of rent for the months of September, October, and November, 1994.
The instant appeal followed, and Defendant's Counterclaim is now before this Court.
STANDARD OF REVIEW
In an appeal from the District Court to the Superior Court the parties are entitled to a de novo hearing. First Fin.Serv. Corp. v. Van Damm, 556 A.2d 390 (R.I. 1989), cert. denied,495 U.S. 936, 110 S.Ct. 2182, 109 L.Ed 2d 511 (1990). "The de novo hearing is a new adversary proceeding which is neither dependent upon, nor limited by, the proceeding below", LocalLiquor Control Comm'n of the Village of Lombard v. State of Ill.Liquor Control Comm'n, 58 Ill. App.3d 1, 5, 12 Ill. Dec. 420,374 N.E.2d 1298, 1301 (1978) as quoted in Ray v. Illinois RacingBd., 447 N.E.2d 886, 889 (Ill. App. 1 Dist. 1983). As such, this Court is entitled to assess the credibility of witnesses before it. Star Dinette Appliance Co. v. Savran, 104 R.I. 665,248 A.2d 69 (1968).
DEFENDANT'S COUNTERCLAIM
The Defendant's Counterclaim now before this Court essentially alleges the following:
 (1) That the Plaintiff/Landlord breached "the lease" by failing to keep the rental unit in good repair and to provide basic necessities in order for Defendant to operate her business;
 (2) That the Plaintiff failed to provide adequate heat and ventilation to Defendant's store;
 (3) That Defendant called various inspection agencies which found numerous code violations in the rental unit;
 (4) That due to the Plaintiff's failure to maintain the premises, Defendant had to hire outside contractors to repair said defects which caused Defendant to spend considerable monies of her own;
 (5) That the Plaintiff's failure to maintain premises has cost Defendant a loss in business, customers, and good will; and
 (6) That due to the above, the Defendant suffered great emotional harm and mental distress resulting from her inability to work, as a result of which the Defendant sought counselling and incurred medical expenses.
 (7) That Defendant seeks damages in the amount of her rent payments and any and all other damages that the Court deems just and proper including, but not limited to, attorneys' fees, costs and punitive damages.
In response, after a period of discovery, the Plaintiff filed a Motion to Dismiss the Defendant's Counterclaim. The Plaintiff argues that a landlord/lessor does not have a duty to maintain leased premises in a state of repair.
DUTY TO MAINTAIN THE LEASED PREMISES
In her counterclaim, Defendant argues that the Plaintiff owes his tenant a duty to keep and maintain the leased premises in a state of repair. The Supreme Court has held that where a landlord has not expressly covenanted to make repairs the landlord has no duty to keep any part of the leased premises in repair. Walsh v.Israel Couture Post No. 2274, 542 A.2d 1094, 1097 (R.I. 1988). The Supreme Court has also held that ". . . in the absence ofstatute or controlling covenant, [emphasis added] a lessor is not under a duty to maintain the leased premises in a state of repair". Harbour Marine Corporation v. Briehler, 459 A.2d 489, 491 (R.I. 1983) (citing Ferro v. Ferrante, 103 R.I. 680, 686,240 A.2d 722, 726 (1968)).
The General Laws of the State of Rhode Island do not address any duty which a commercial landlord has to his commercial tenant regarding maintaining commercial premises in a safe condition. Therefore, if a landlord is to be charged with a duty it must be a duty which the landlord has accepted in the lease agreement between the parties.
No written lease agreement was produced during the trial nor has one been submitted as evidence of record. During the discovery process, the Defendant asked the Plaintiff to submit to the Court a copy of the written lease, but Plaintiff responded that no such document existed. In the alternative, Defendant argues that an oral agreement existed.
DOCTRINE OF PART PERFORMANCE
"Pursuant to G.L. 1956 (1969 Reenactment) § 9-1-4, a contract for the sale of an interest in real estate must be in writing and signed by the party to be charged to be enforceable." R.W.P.Concessions v. R.I. Zoological Soc., 487 A.2d 129, 131 (R.I. 1985). However, an oral agreement could be enforced under the doctrine of part performance. Id. at 131. In order for a court to enforce an oral agreement the following strict criteria must first be met: (1) the terms of the lease must be sufficiently clear as not to leave them in doubt, (2) the possession and improvements in reliance upon the agreement must be substantial and clearly shown, and (3) the evidence must be clear and convincing. See Star Dinette Appliance Co. v. Savran,104 R.I. 665, 666, 248 A.2d 69, 70 (1968); see also R.W.P.Concession v. R.I. Zoological Soc., 487 A.2d at 131.
With respect to the instant matter, the Court has determined the following. First, the terms were not sufficiently clear. Each party represented that the other party was responsible for the damages and repairs. Therefore, the Court finds that there was no agreement, no meeting of the minds, between the parties concerning the maintenance of the premises.
Secondly, there is no doubt that the Defendant occupied the premises during the time in question, September, October and November of 1994. However, the improvements or repairs made by the Defendant were not substantial in nature. Rather, the types of repairs, as listed on paid receipts offered into evidence by the Defendant, could be considered to constitute reasonable costs of operating a small variety store.
Finally, after trial and an examination of all the evidence of record, this Court finds that the Defendant failed to provide clear and convincing evidence that the parties reached any sort of lease agreement, or that the improvements/repairs made by the Defendant were substantial in nature. Therefore, this Court cannot grant the Defendant any relief under the doctrine of part performance.
BUILDING CODE VIOLATIONS
In her counterclaim, Defendant argues that multiple code violations against the premises further evidence the Plaintiff's breach of duty to maintain and repair the premises. The Defendant has submitted into evidence copies of various "Notices of Violations" she obtained from the Building Inspector's Office.
R.I.G.L. 1956 (1989 Reenactment) § 23-27.3-107.1 plainly states
 "The appropriate local authority shall appoint an officer to administer the code. The officer shall be known as the building official."
Under § 23-27.3-108.1 it is further stated.
 "The building official shall enforce all the provisions of this code . . . act on any question relative to the mode or manner of construction, and the materials to be used in the construction, reconstruction, alteration, repair . . . and the location, use, occupancy, and maintenance of all buildings and structures . . ."
Thus, the state building code is to be enforced by the government of the city or town in which the premises ("building") is located, and as such, to maintain the premises is a duty owed to the city or town ("the public") and not the individual tenant. Defendant's proof of a building code violation is not proof of her commercial landlord's breach to keep the premises in repair.
Additionally, the Defendant argued in her Memorandum that a conspiracy existed between Plaintiff and a previous tenant to "drive her out of business." The Court finds this argument to be unsupported and without merit.
After hearing the testimony at trial and reviewing all the evidence before it, this Court finds that Defendant's counterclaim must be, and is, denied.
Counsel shall submit the appropriate judgment for entry.