DECISION
This matter comes before the Court on plaintiff's Motion for Partial Summary Judgment and Declaratory Relief Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 56.
The plaintiff is the owner of a restaurant on five lots located at 67 West Main Road, Little Compton, Rhode Island (the "property"). On May 22, 1998, plaintiff and defendant Sakonnet Clam Company, Inc. ("Sakonnet") entered into a Lease and Security Agreement for the property. Pursuant to paragraph 15 of the Lease, Sakonnet obtained a public liability and property damage insurance policy for the property naming both plaintiff and Sakonnet as insureds. On July 19, 1998, a fire occurred on the property resulting in losses that were covered under Sakonnet's insurance policy. The plaintiff claims that the amount of loss due to the fire totaled $322,793.67. However, defendant Lexington Insurance Company ("Lexington") determined that the amount of loss due to the fire totaled $312,695.99. As a controversy has arisen between plaintiff and Sakonnet as to whom is entitled to the money, plaintiff has filed this lawsuit pursuant to G.L. 1956 § 9-30-1, et. seq., the Uniform Declaratory Judgments Act. Lexington has motioned the Court to deposit $312,695.99 into the court registry pending a determination of the tights of the parties to the insurance proceeds.
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works, Inc. v. R.J. Sanders, Inc., 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R. Civ. P. 56 (c). The trial justice should "draw all reasonable inferences in favor of the nomnoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence v. Wilke,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Rignanese, 714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact and the moving party's claim warrants judgment as a matter of law. Harritos v. Cambio,683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56 (c).
The plaintiff argues that it complied with the terms of the insurance policy and is entitled to the payment from Lexington to commence reconstruction on the property. The plaintiff asserts that Sakonnet has no right to the proceeds as a matter of law.
Sakonnet counters that it was to purchase the property initially from the previous Owner prior to plaintiff. However, Sakonnet was unable to obtain financing in time for the closing. Sakonnet approached plaintiff with a proposition whereby plaintiff would purchase the property and Sakonnet would then purchase a seventy-percent (70%) ownership interest in the property from plaintiff once it obtained its Small Business Association Loan. The plaintiff purchased the property and entered into a Lease and Security Agreement with Sakonnet. At the time of signing, plaintiff assured Sakonnet it could review the documents with its attorney, and plaintiff would agree to any and all changes. Sakonnet asserts that from the date of the fire to the present, plaintiff has refused to honor the purchase agreement. The SBA loan was approved, but plaintiff still refused to acknowledge the agreement between the parties for the seventy-percent (70%) ownership interest. Sakonnet contends that a genuine issue of material fact exists as whether or not Sakonnet is entitled to a seventy-percent (70%) ownership interest in the property. Additionally, Lexington objects to plaintiffs Motion for Summary Judgment based upon the pleadings, the affidavit filed with the Court regarding the amount of the claim, the insurance policy, and Sakonnet's memorandum of law.
According to Sakonnet, the parties have an oral agreement for the purchase of an ownership interest in real estate. The Statute of Frauds requires that a contract for the sale of an interest must be in writing and signed by the party to be charged. G.L 1956 (1997 Reenactment) § 9-1-4. The purpose of the Statute of Frauds "is to guard against perjury by one claiming under an alleged agreement." Bourdon's. Inc. v. Ecin Indus., Inc.,704 A.2d 747, 755 (R.I. 1997) (citing Smith v. Boyd, 553 A.2d 131, 139 (R.I. 1989)). Both parties have failed to present to the Court written documentation of any agreement for the purchase of an ownership interest in the property by Sakonnet. Furthermore, the Lease does not contain any provisions regarding a right by Sakonnet to purchase an ownership interest in the property.
However, the Statute of Frauds does not always preclude a litigant from offering proof of oral representations between parties. See Bourdons, 704 A.2d at 756-57 (where alleged oral representations were relevant to a claim of misrepresentation, fraud, and/or deceit, the Statute of Frauds is inapplicable). Additionally, an oral agreement may be enforceable under the doctrine of part performance. R.W.P. Concessions, Inc. v. RhodeIsland Zoological Society, 487 A.2d 129, 131 (R.I. 1985) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, this Court finds that Sakonnet has argued facts which could demonstrate partial performance of an alleged oral agreement, although not specifically stated as such by plaintiff. Whether or not the actions of Sakonnet constitutes part performance of the oral agreement is a question of fact which cannot be decided on summary judgment. Accordingly, defendant's Motion for Summary Judgment is denied.
Counsel shall prepare the appropriate order for entry.