SPENCER *v.* BLACKMON.

(No. 85 CV 02630 — Decided May 15, 1985.)

Hamilton County Municipal Court.

*Stuart L. Richards,* for plaintiff.
*Daniel J. Temming,* for defendant.

PAINTER, J.   This matter came on for trial to the court on April 29, 1985. From all of the evidence adduced, the court finds the following facts.

Plaintiff, Donald A. Spencer, is the owner of a sixteen-unit apartment building at 1391 Burdett Avenue, in the city of Cincinnati, Hamilton County, Ohio. Defendant, Juelma Blackmon, has been a tenant of apartment #6 therein for approximately five years.

Defendant regularly paid her rent late, sometimes as late as the 31st of the month; plaintiff regularly accepted late rent, imposing a $10 "late fee." On January 10, 1985 plaintiff mailed to defendant a "late notice," and stating, "P.S. please do not forget to include the late fee with your remittance." Defendant wrote a check to plaintiff on January 17, 1985, in the amount of $245, which included the $10 late fee. The check was mailed to plaintiff on January 18, 1985.

On Saturday, January 19, 1985, plaintiff delivered to defendant a "three-day notice to leave the premises." The grounds stated in the notice were "non-payment of rent." On Monday, January 21, 1985, plaintiff mailed defendant's check back to defendant.

Prior to the above events, on January 8, 1985 plaintiff had appeared at the apartment building with a carpenter in order to install smoke detectors as required by a new Cincinnati city ordinance, which was effective January 1, 1985. Plaintiff intended to install the smoke detectors in all sixteen units on that day. However, plaintiff had given no notice to defendant of his intention to enter the premises, as required by R.C. 5321.04(A)(8). Upon attempting to enter

defendant's apartment by means of a passkey, plaintiff discovered that an additional lock had been installed by defendant and he could not gain access to her apartment.

A few days thereafter, plaintiff and defendant had a conversation to the effect that plaintiff demanded a key from defendant, and defendant refused, but stated that she would allow access to the apartment at any time that she had prior notice. Plaintiff again demanded a key to the apartment prior to handing defendant the eviction notice on January 19, 1985, stating that "if you do not give me a key you will have to move."

Plaintiff filed a complaint for eviction in this court on January 24, 1985. Defendant filed an answer and counterclaim asserting, *inter alia,* the defense of the landlord's violation of his rights and duties under R.C. 5321.04 and retaliatory eviction under R.C. 5321.02. During the pendency of this action, defendant has continued to pay her rent into court, and is therefore current in her payments.

## CONCLUSIONS OF LAW

The landlord has no right to enter a tenant's premises absent a *bona fide* emergency; and the "landlord's belief or statement that a situation constitutes an emergency does not necessarily make it so. The consequences of a misjudgment may result in a successful action against the landlord by the tenant. The use of a passkey to enter leased premises should be limited to extreme circumstances." White, Ohio Landlord Tenant Law (1984), at 19; R.C. 5321.04(A)(8).

The installation of smoke detectors, which could have been done prior to the effective date of the ordinance, and should have been done by January 1, 1985, is not, on the 8th day of January, a sufficient "emergency" to entitle the landlord to enter tenant's premises without prior notice. R.C. 5321.04(A)(8).

The landlord has no right to have passkeys to a tenant's apartment. "[T]here is neither a common-law nor a statutory requirement that tenants must provide passkeys to their landlords." White, Ohio Landlord Tenant Law, *supra,* at 19.

The continued acceptance by the landlord of a tenant's late rental payments, including a late payment charge, results in a waiver of the requirement of timely payment. The landlord may, of course, notify the tenant that late payments will no longer be accepted, but there was no such notification in this case. On the contrary, the letter to defendant on January 10 asking for a late fee raises the implication that the prior course of dealing between the parties would continue. Therefore, defendant was not in default as of the date of the "three-day notice," and plaintiff is not entitled to evict her.

The landlord's seeking to evict a tenant for failure to provide a landlord with a passkey is retaliatory as a matter of law, R.C. 5321.02; and defendant is entitled to reasonable attorney fees.

*Judgment accordingly.*