499 So.2d 49 (1986)
PROTEAN INVESTORS, INC. and Larry Meinstein and June Meinstein, Appellants,
v.
TRAVEL, ETC., INC., Appellee.
No. 86-1099.
District Court of Appeal of Florida, Third District.
December 23, 1986.
*50 Abrams, Anton, Robbins, Resnick, Schneider & Mager and Joseph J. Huss and Jack F. Weins, Hollywood, for appellants.
Wilbur G. Silverman, Miami Beach, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal from a final decree of specific performance involving two condominium units. The decree was entered in favor of the plaintiff lessee [Travel, Etc., Inc.], who was the holder of a right of first refusal under a lease in which it rented the above condominium units from the defendant lessor [Protean Investors, Inc.]. The defendant lessor [Protean Investors, Inc.] contests this decree on appeal  as do Larry and June Meinstein, the parties to whom Protean Investors, Inc. sold the condominium units without giving the plaintiff [Travel, Etc., Inc.] a right of first refusal. We affirm.
We conclude that, notwithstanding the presence of an anti-waiver provision in the subject lease, the defendant lessor [Protean Investors, Inc.] is estopped to claim that the plaintiff lessee [Travel, Etc., Inc.] was in default of the subject lease due to certain late rental payments made thereunder, and therefore had forfeited the right of first refusal under the lease. This is so because the lessor defendant [Protean, Investors, Inc.] (a) accepted all the late rental payments without protest, and (b) never at any time notified the plaintiff lessee [Travel, Etc., Inc.] that it was in default of the lease and that the right of first refusal had thus been forfeited. See Farmers Bank & Trust Co. v. Palm Publishing Co., 86 Fla. 371, 98 So. 143 (1923); Moskos v. Hand, 247 So.2d 795, 796 (Fla. 4th DCA 1971); Tropical Attractions, Inc. v. Coppinger, 187 So.2d 395, 396 (Fla. 3d DCA 1966); U.S. Properties, Inc. v. Marwin Corp., 123 So.2d 371, 376 (Fla.3d DCA 1960). We have not overlooked Philpot v. Bouchelle, 411 So.2d 1341 (Fla. 1st DCA 1982), relied upon by the defendants herein, but find it not controlling because there, unlike the instant case, the lessor accepted the late rental payments under protest and notified the lessee that the right of first refusal under the lease had thereby been broken.
Finding the balance of the other points raised on appeal to have no merit and to require no discussion, see Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976), the final judgment under review is, accordingly,
Affirmed.