The ARCADE COMPANY

v.

KENTCO, INC.

No. 89–612–M.P.

Supreme Court of Rhode Island.

June 4, 1991.

William Landry, Blish & Cavanagh, Providence, for plaintiff.

Lauren E. Jones, Jones Associates, Providence and George McDonald, McDonald, Ferdinanda & Mastrati, Cranston, for defendant.

OPINION

MURRAY, Justice.

The defendant, Kentco, Inc. (tenant), is petitioning for certiorari to review the Superior Court's dismissal of its appeal from the District Court. We affirm the Superior Court's dismissal.

The plaintiff, The Arcade Company (landlord), brought a commercial trespass-and-ejectment action against tenant. The merits of landlord's trespass-and-ejectment action are not relevant to this appeal. On September 26, 1989, the District Court granted landlord possession of the premises and a judgment for $70,732.48 in back rent. On that same day tenant appealed to the Superior Court.

The events that occurred after tenant appealed give rise to the matter before us. It is undisputed that G.L.1956 (1984 Reenactment) § 34–18.1–18, as amended by P.L.1989, ch. 287, § 15 required tenant to pay rent while tenant's appeal was pending in the Superior Court, in the manner and amount as stated in the parties' lease. Section 34–18.1–18 states:

"*Payment of rent during pendency of appeal.*—Whenever an action for the recovery of real property covered by this chapter shall be pending on appeal in the superior or supreme court, the defendant or defendants in such action shall pay to the plaintiff or plaintiffs sums of money equal to the rent for such premises, which sums shall be paid at such times and in such amounts as rent would be due and payable were such action then not pending. The acceptance of such moneys shall not constitute a waiver of

the right of the plaintiff or plaintiffs to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant or defendants as tenants."

The penalty for failure to comply with the above statute is the dismissal of tenant's appeal. Section 34-18.1-19, as amended by P.L.1988, ch. 494, § 1 provides:

"*Order of judgment on nonpayment of rent in pending appeals.*—In the event that the defendant or defendants shall fail or refuse to pay all such sums promptly when due in accordance with the provisions of § 34-18.1-18, the court in which the case is pending, shall, without any trial on the merits, on motion of the plaintiff or plaintiffs, and hearing thereon, including satisfactory proof of such nonpayment, enter an order for the entry of judgment and the issuance of such execution and the prompt service thereof, and from such order there shall be no appeal."

The landlord claims that under the terms of the parties' lease, the rent for October 1989 had to be in landlord's possession on October 1 (tenant appealed to the Superior Court on September 26, 1989). Section 5.7 of the lease states as follows:

"*Payment of Rental.*—All Rentals Payable and all statements deliverable by Tenant to Landlord under this Lease shall be paid and delivered to the office of Landlord as herein set forth for notices, or any other address which Landlord may hereafter designate in writing to Tenant. All Rentals Payable shall be payable without any deduction or setoff whatsoever, and without demand.

(a) Minimum Rent, the Sprinkler Charge and the Promotional and Marketing charge shall be payable in advance on the first (1st) day of each full calendar month during the Term."

The tenant disputes that rent had to be in landlord's possession on October 1. It refers to section 24 of the lease. That section states in relevant part as follows.

"*Defaults by the Tenant.* (a) If the Tenant should fail to pay the Minimum Rent, Percentage Rent, or Additional Rental, on the days and at the place that the same are made payable hereunder *and fails to cure same within ten (10) days from the date of notice of such failure;* or if the Tenant shall violate any of the other terms, conditions or covenants herein contained and fails to cure the same within thirty (30) days from the date of the notice of such default, then, in any of such events, the Landlord may terminate this Lease by reentering and repossessing the Premises, together with any and all improvements thereon and additions thereto, or the Landlord may give to the Tenant at any time after the occurrence of such default written notice of the Landlord's election to terminate this Lease."

The tenant argues that reading sections 5.7 and 24 together, the tenant has ten days from notice of nonpayment by the landlord to cure the nonpayment. To this day, tenant argues, landlord has not provided notice of nonpayment. Thus it was not obligated to pay rent on October 1 and thus it has complied with the terms of the lease for purposes of § 34-18.1-18.

We cannot agree with this reasoning. Section 24 of the lease refers to the method by which landlord may evict tenant. It does not state when the monthly rents are due. Actually it states that if tenant fails to pay rent "on the days and at the place that the same are made payable hereunder" *AND* if tenant fails to cure nonpayment within ten days of notice by landlord, then landlord may evict. The determination of the date that rents are "payable hereunder" is made by examining section 5.7. The plain language of section 5.7 states that all rents are payable without demand and "shall be payable in advance on the first (1st) day of each full calendar month." Clearly then the rent is due on the first day of the month. Whatever may be the significance of section 24, it is irrelevant for determining when rents are due for purposes of § 34-18.1-18. The rent for October 1989 for purposes of § 34-18.1-18 was due on October 1 per section 5.7 of the lease.

The tenant makes a second argument that assuming the rent was due on October 1, that it properly paid the rent by depositing same in the mail on September 29, 1989. The tenant does not dispute that landlord did not receive the rent payment until October 6, 1989. The landlord disputes that tenant mailed the rent on September 29, stating that the envelope was postmarked October 5. In any event, tenant cites no persuasive authority for the general proposition that a tenant timely pays rent by mailing the payment before the due date, that is, a "mailbox rule." The contract language in the instant case is clear that landlord bargained for possession of the rental payment on the first of the month, not to hear a story that "the check is in the mail."

We are not stating that all leases require a landlord's possession of payment on the payment's due date. Although such is the norm, it is a practice that could be varied explicitly by contract or implicitly by, for example, examining the conduct of the parties. *See, e.g., Trapani v. Morgan,* 426 So.2d 285, 289 (La.Ct.App.1983) (rent mailed before due date but received after due date was not timely; lessee breached lease). In the instant case the contract is unambiguous in requiring possession of payment by the payment's due date.

The defendant's petition for certiorari is denied. The writ previously issued is quashed. The judgment of the Superior Court is affirmed. The papers of the case are remanded to the Superior Court.