**CITY OF PROVIDENCE**

v.

**S & J 351, INC., et al.**

No. 96–475–M.P.

Supreme Court of Rhode Island.

April 23, 1997.

Richard G. Riendeau, Providence, for Plaintiff.

Lauren E. Jones, Geoffrey A. Regan, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court for oral argument on January 24, 1997, pursuant to an order directing both parties to show cause why the issue raised in this petition for certiorari should not be summarily decided. The defendants S & J 351, Inc., and Prinz Eugen, Ltd., have petitioned for certiorari, seeking review of the Superior Court's dismissal of their appeal from a District Court judgment entered in a trespass and ejectment action. After hearing the ar-

guments of counsel and reviewing their memoranda, we perceive no cause and therefore proceed summarily to decide this matter.

The plaintiff, the city of Providence, and S & J 351, Inc., one of the defendants, entered into a lease agreement on July 29, 1980, whereby the city of Providence (lessor) leased to S & J 351, Inc., the so-called Kennedy Plaza Bus Comfort Station. Prinz Eugen, Ltd., is the other defendant. It is the sublessee of S & J 351, Inc., by virtue of a sublease entered into on April 12, 1990. It operates the Cafe Plaza in the former comfort station. Both defendants, having joined in the petition for certiorari, will hereinafter be collectively referred to as the lessee.

The lease agreement was for an original term of "fifteen (15) years beginning July 29, 1980 to and including July 29, 1995." The lease also provided for an option renewal period for an additional 15 year term and for the procedures necessary to effectuate the option renewal term. Those procedures were not complied with and the city notified the lessee to quit and vacate the premises on July 30, 1995. The lessee failed to quit and vacate the premises, and construed the lessor's notice to quit an offer by the lessor to buy out its option to renew the lease. The lessor then commenced a trespass and ejectment action in the Sixth Division District Court and obtained a judgment for possession. The lessee thereupon duly filed its notice of appeal to the Superior Court. The District Court, pursuant to G.L.1956 § 34–18.1–18, set the fair monthly rental amount due during the pendency of the appeal at $3,000. In the meantime, the lessee filed a petition for declaratory judgment in the Superior Court pursuant to G.L.1956 chapter 30 of title 9, in which it requested a declaration regarding its right to exercise a lease option provision providing for extension of the lease as well as the renegotiation of the rental terms. The lessee then moved to consolidate for hearing both its trespass and ejectment appeal and its petition for a declaratory judg-

ment. That motion was granted, and the matters were reached for hearing before a justice of the Superior Court sitting without a jury on July 30, 1996. At that time, the lessor moved to dismiss the lessee's trespass and ejectment appeal because of the failure of the lessee to pay the monthly rentals on the first day of each of the months during the pendency of its appeal. *See* § 34–18.1–18. The trial justice opted to delay ruling on the lessor's motion to dismiss until after first hearing the lessee's petition for a declaratory judgment. That hearing proceeded and resulted in the trial justice's first finding that the lease options were void and unenforceable,[1] and thereafter, finding that the lessee had failed to pay the required monthly rent, when due, during the lessee's trespass and ejectment appeal. He granted the lessor's motion to dismiss the lessee's appeal, pursuant to § 34–18.1–19.

By order entered on September 11, 1996, the trial justice remanded the trespass and ejectment case to the District Court "for issuance of execution forthwith" to remove the lessee from the lessor's premises. The lessee filed a petition for certiorari with this Court, seeking review of the dismissal of its District Court appeal.[2] We granted certiorari and stayed execution of the Superior Court's remand order to the District Court for purposes of issuing execution on the District Court's judgment for possession in favor of the lessor.

Section 34–18.1–18 states:

**"Payment of rent during pendency of appeal.**—Whenever an action for the recovery of real property covered by this chapter shall be pending on appeal in the superior or supreme court, the defendant or defendants in the action shall pay to the plaintiff or plaintiffs sums of money equal to the rent for the premises, which sums shall be paid at such times and in such

---

1. The tenants' declaratory judgment appeal is not before this Court at this time and will be heard at a later date.

2. A party who, pursuant to G.L.1956 § 34–18.1–19, has suffered dismissal of a pending appeal, such as the one presented in this case, is not permitted to appeal that dismissal to this Court.

Rather, the party must petition this Court for a writ of certiorari. In the case before us, tenants have both appealed the decision of the Superior Court and petitioned this Court for a writ of certiorari. We address only the petition for certiorari.

amounts as rent would be due and payable were the action then not pending. The acceptance of this money shall not constitute a waiver of the right of the plaintiff or plaintiffs to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant or defendants as tenants."

■ If an appellant-tenant-lessee fails to comply with the provisions of § 34–18.1–18, its pending appeal is subject to immediate dismissal. Section 34–18.1–19 provides:

"**Order of judgment on nonpayment of rent in pending appeals**—In the event that the defendant or defendants shall fail or refuse to pay all sums promptly when due, in accordance with the provisions of § 34–18.1–18, the court in which the case is pending, shall, without any trial on the merits, on motion of the plaintiff or plaintiffs, and hearing thereon, including satisfactory proof of the nonpayment, enter an order for the entry of judgment and the issuance of execution and the prompt service thereof, and from that order there shall be no appeal."

In the instant case, lessee claims that the parties had established a course of dealing whereby the lessee would tender, and the lessor would accept, rental payments at any time during the first and the fifteenth day of each month, despite a provision in the lease requiring the rent to be paid on the first day of each month. Therefore, the lessee argues, rental payments made during the pendency of the trespass and ejectment appeal should have been subject to this established practice and not considered late if made within the fifteen day window. In further support of that argument, the lessee cites to paragraph (m) of the lease, which addresses the situation of the lessee's failure to pay rent. In relevant part, this section states that "if such failure shall continue [for] fifteen (15) days, the [lessor], * * * shall be at liberty to declare this Lease at an end." The lessee argues that this provision, apart from any established course of dealing, grants it a fifteen day period within which to tender the monthly rent.

The trial justice concluded that the terms of the lease called for payment of rent on the first day of each month and that the lessee failed to comply with this requirement during the pendency of the appeal. In addition, he determined that paragraph (m) of the lease did not provide lessee with a fifteen day window within which to tender the rental payments, but rather was a standard default provision declaring the lessor's rights should the lessee not pay in a timely fashion. Since the lessee failed to comply with the provisions of the lease in making monthly payments during the pendency of its appeal, the trial justice held that the lessee had violated the provisions set forth in § 34–18.1–18 and dismissed the appeal pursuant to § 34–18.1–19.

■ Our review on certiorari "is limited to examining the record to determine if an error of law has been committed." *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire*, 637 A.2d 1047, 1049 (R.I.1994). We do not weigh the evidence presented below, but rather inspect the record to determine if any legally competent evidence exists therein to support the findings made by the trial justice. *Id.*

Upon review of the record, we conclude that legally competent evidence existed to support the finding that the lessee failed to make rental payments during pendency of the appeal in accordance with the terms of the lease. Specifically, the lessee concedes that rental payments made during pendency of the appeal were not made on the first day of each month. The lessee attempts, however, to excuse its failure to pay rental as required by the lease by means of a strained interpretation of our holding in *Arcade Co. v. Kentco, Inc.*, 592 A.2d 135, 137 (R.I.1991). The lease rental payment provision language in this case is clearly distinguishable from that in *Arcade*. Therefore, pursuant to the parties' lease, the rental payments were late. Based upon that finding, we are of the opinion that the trial justice did not commit any error of law in dismissing the lessee's appeal.

For the foregoing reasons, the petition for certiorari is denied. The writ heretofore issued is quashed, and the order appealed from is affirmed. The stay of execution previously entered on the lessor's trespass and eject-

ment judgment is vacated. The papers of this case are remanded to the Superior Court.

FLANDERS, Justice, dissenting.

I respectfully dissent because the motion justice who dismissed the District Court appeal filed by the petitioners, S & J 351, Inc., and Prinz Eugen, Ltd. (collectively, the lessee), failed to consider the effect of the parties' course of performance during the lease term on the rental due-date provisions of the written lease. This omission could materially affect any decision on whether the lessee's rent payments were timely during the District Court appeal.[3] Therefore, I would grant the lessee's petition for certiorari and remand this case to the Superior Court for an evidentiary hearing to determine the effect of the parties' conduct on when rent was due under the lease. *See Arcade Co. v. Kentco, Inc.,* 592 A.2d 135, 137 (R.I.1991) ("We are not stating that all leases require a landlord's possession of payment on the payment's due date. Although such is the norm, it is a practice that could be varied explicitly by contract *or implicitly by, for example, examining the conduct of the parties.*") (Emphasis added.)

In rendering his decision, the motion justice stated:

"I think that the issue was that the money was to be tendered on the due date and *the*

*due date is to be determined by the preexisting lease.* I'm not persuaded * * * that [lessee] had 15 days grace period. The statute says it shall be paid on the due date. [Lessee] says the due date is within the first 15 days of each month and I think the terms of the lease are fairly consistent. One, the sublease says on the first day of each month and the main lease says on the first business day of each month. Certainly that doesn't mean the 15th day of the month. The tenant had a right not to be in default on the lease until he was more than 15 days in arrears. That's usually put in the lease because the statute says you can't bring an action for nonpayment of rent until it is at least 15 days in arrears and you have a month to month tenancy." (Emphasis added.)

Unfortunately the motion justice focused solely on the rental payment due-date terms in the written lease. He never considered the relevance of the parties' conduct in interpreting these terms, and he failed to consider whether these due-date terms had been waived or modified during the lease by the parties' course of performance in tendering and accepting rental payments after the first but before the fifteenth day of the month. Not only did the lessee assert that such an alteration had in fact occurred but the evidence presented below *prima facie* supported its assertion.[4]

---

**3.** A review of the parties' prior conduct concerning rent payments is relevant to aid in the court's interpretation of the lease terms, just as it is in the case of interpreting an agreement for the lease of goods. *See* G.L.1956 § 6A–2.1–207:

"**Course of performance or practical construction.**—(1) If a lease contract involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, *any course of performance accepted or acquiesced in without objection is relevant to determine the meaning of the lease agreement.*

"(2) The express terms of a lease agreement and any course of performance, as well as any course of dealing and usage of trade, must be construed whenever reasonable as consistent with each other; but if that construction is unreasonable, express terms control course of performance, course of performance controls both course of dealing and usage of trade, and course of dealing controls usage of trade.

"(3) Subject to the provisions of § 6A–2.1–208 on modification and waiver, *course of performance is relevant to show a waiver or modification of any term inconsistent with the course of performance.*" (Emphases added.)
Subsection (3) of § 6A–2.1–207 is expressly limited by § 6A–2.1–208, which in cases of modification of leases for goods, prohibits such modification by any means other than a writing if the original lease provides for written modification only. *See* § 6A–2.1–208(2). In the present case, the parties' lease did not contain such a limiting clause.

**4.** In its response to the lessee's objection to its dismissal motion, the lessor conceded that from July 1994 to July 1995, rental payments were made "on or near the due date [the first day of each month]." However, as part of the record below, the lessor also proffered a chart showing the dates of these rental checks and, if the acceptance date is different, the date when the check was received by the city. Nearly all the checks are dated on or after the *seventh* day of each

In *Arcade*, this court made clear that "[w]e are not stating that all leases require a landlord's possession of payment on the payment's due date. Although such is the norm, it is a practice that could be varied explicitly by contract *or implicitly by, for example, examining the conduct of the parties*." 592 A.2d at 137 (Emphasis added.) Although we have never squarely addressed this question, other jurisdictions recognize that the parties' course of conduct may be relevant in interpreting the rental-payment-due-date provisions of a lease and that the parties' conduct may actually support an alleged waiver or modification of the payment due date specified in the lease. *See, e.g., Protean Investors, Inc. v. Travel, Etc., Inc.*, 499 So.2d 49, 50 (Fla.Dist.Ct.App.1986) (landlord may not enforce terms of lease regarding rental payments after continued acceptance of late payments); *Versailles Arms Apartments v. Pete*, 545 So.2d 1193, 1195 (La.Ct.App.1989) (the lessor regularly accepted late rent payments from the lessee, and "such custom ha[d] the effect of altering the original contract with respect to punctuality of rent payments"); *Spencer v. Blackmon*, 22 Ohio Misc.2d 52, 490 N.E.2d 943, 945 (Mun.Ct.1985) ("[t]he continued acceptance by the landlord of a tenant's late rental payments * * * results in a waiver of the requirement of timely payment").

Given our acknowledgment in *Arcade* that rental-payment terms in a written lease can be interpreted in light of or even implicitly modified by the parties' course of performance during the lease term, I believe the motion justice should have considered the parties' past conduct with respect to the rental payments and its potential interpretative or modifying effect on the due date for rent during the pendency of the appeal. If the parties' conduct modified the due-date terms of the lease agreement, then it would be improper to dismiss the lessee's appeal for having made rent payments within the same period as had been previously accepted by the lessor during the leasehold.[5]

The majority labels such an interpretation of *Arcade* "strained" and apparently seeks to distinguish that case by contrasting the lease language in *Arcade* with the lease language here. But since the parties may have waived or altered the rental-due-date terms of the lease agreement by their course of performance, differences in the rental-payment language of the *Arcade* lease and this one are not as significant as the parties' conduct. Therefore, the motion justice's interpretive calculus should have included the conduct of the parties and not just the written lease's first-day-of-the-month due-date language.

The conduct evidence adduced below strongly suggests that rental payments were tendered and accepted between the first and the fifteenth day of each month for over a year. If so, then the lessee's rental payments made within this same time frame during the pendency of the appeal were in fact "paid at such times and in such amounts as rent would be due and payable were the action then not pending." General Laws 1956 § 34–18.1–18. Absent an evidentiary inquiry into the parties' course of performance, I believe it was reversible error for the motion justice to conclude that the terms of the written lease, standing alone, determined whether the lessee's rental payments during pendency of this appeal were timely. Thus, I would grant the petition for certiorari, quash the motion justice's decision dismissing the appeal, and remand this matter for an evidentiary hearing concerning the effect of the parties' conduct with respect to the lessee's

---

month and several of these are dated on or after the *tenth* day of the month—well after the first-of-the-month "due date."

5. During the pendency of the appeal, the lessee was required to make rental payments pursuant to G.L.1956 § 34–18.1–18, which states:

"**Payment of rent during pendency of appeal.**—Whenever an action for the recovery of real property covered by this chapter shall be pending on appeal in the superior or supreme court, *the defendant or defendants in the action*

*shall pay to the plaintiff or plaintiffs sums of money equal to the rent for the premises,* which sums shall be paid *at such times and in such amounts as rent would be due and payable were the action then not pending.* The acceptance of this money shall not constitute a waiver of the right of the plaintiff or plaintiffs to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant or defendants as tenants." (Emphases added.)

tender and the lessor's acceptance of rental payments during the term of the lease on the interpretation of the written lease's due-date provisions.