**PRINZ EUGEN, LTD., et al.**

v.

**CITY OF PROVIDENCE et al.**

**No. 96–590–Appeal.**

Supreme Court of Rhode Island.

March 13, 1998.

Lauren E. Jones, Geoffrey Alan Regan, Providence, for Plaintiff.

Richard G. Riendeau, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG and FLANDERS, JJ.

**OPINION**

PER CURIAM.

This appeal concerns the validity of a commercial lessee's exercise of an option to renew its lease of city-owned property. Because certain of the trial justice's findings have not been challenged on appeal and by themselves are sufficient to defeat the appeal even if the challenged rulings were erroneous, we affirm the Superior Court's judgment.

**Facts and Travel**

The facts of this case have been set forth previously in our opinion in *City of Providence v. S & J 351, Inc.,* 693 A.2d 665 (R.I.1997). In 1980 the city of Providence (city) entered into a fifteen-year lease with S & J 351, Inc. (S & J), whereby S & J was allowed to use the property (the Kennedy Plaza Bus Comfort Station) as a restaurant. The lease was to run from July 29, 1980, through July 29, 1995, and contained the following renewal option:

"TO HAVE AND TO HOLD the said premises, with all the privileges and appurtenances thereunto belonging, for and during a period of fifteen (15) years, with an option to renew for an additional period of fifteen (15) years, beginning July 29, 1980 to and including July 29, 1995.

\* \* \*

"In the event the LESSEE exercises its right to an additional fifteen (15) years of tenancy, the rental rates *shall be negotiated in good faith* periodically by both the LESSOR and the LESSEE." (Emphasis added.)

For the renewal option to be exercised, the lease required that

"(n) The LESSEE shall exercise his option to renew by giving notice in writing at least sixty (60) days prior to the termination of this Lease.

"(o) That whenever notice is required to be given hereunder notice to the LESSOR shall be *by certified mail,* Return Receipt Requested, to the Office of the City Solici-

tor, 55 Eddy Street, Providence, Rhode Island, 02903; notice to the LESSEE shall be by certified mail, Return Receipt Requested * * *." (Emphasis added.)

On April 12, 1990, S & J subleased the property, with the city's approval, to Prinz Eugen, Ltd. (Prinz). On February 22, 1995, some five months before the scheduled expiration of the original lease, Pasquale Cortelessa (Cortelessa), the president and sole shareholder of the sublessee Prinz, caused a letter purporting to exercise the lease-renewal option to be hand-delivered to the city solicitor, to the city's mayor, and to the office of the city property committee. Beginning sometime in May of 1995, Cortelessa and Frank Corrente, a representative of the city, began negotiations regarding the future use of the property. The negotiating parties apparently failed to reach a successful accord, for in June of 1995 the city gave notice that it intended to terminate the lease as of July 30, 1995. When Prinz failed to quit the premises, the city filed a trespass-and-ejectment action in the Sixth Division District Court. Meanwhile on July 28, 1995, S & J and Prinz filed a declaratory-judgment action in the Superior Court, seeking a ruling that the lease-renewal option had been duly exercised and requesting specific performance of the lease option at Prinz's proposed rental rate of $950 per month.

The trespass-and-eviction proceeding in the District Court resulted in an award of damages and possession of the Kennedy Plaza property to the city. Prinz and S & J appealed that decision to the Superior Court (No. PD 96–1668), and that appeal (T & E appeal) was consolidated with the still-pending declaratory-judgment action (No. PC 95–4142) on May 10, 1996. Before trial the city moved to dismiss the T & E appeal on the grounds that Prinz had failed to continue making rental payments during the pendency of the appeal as required by G.L.1956 § 34–

18.1–18. A Superior Court hearing justice denied the motion. The city renewed this motion shortly before trial, and the trial justice opted to defer ruling on the T & E appeal until after he had first resolved the issues raised in the declaratory-judgment action.

The declaratory-judgment action was reached for a nonjury trial on July 30, 1996. At the close of S & J's and Prinz's case, the city moved for a judgment as a matter of law, arguing that three dispositive issues should be decided at that time: (1) the lease option predicated on rental rates to be negotiated in good faith was legally void because it was fatally indefinite, (2) the lease option was never properly exercised because certified mail had not been used to notify the city of the lease renewal, and (3) neither Prinz, as sublessee, nor Cortelessa had the authority or the intent to exercise the lease option on behalf of the lessee, S & J.

In his bench decision the trial justice found that neither the letters delivered to the city nor the sublease agreement between S & J and Prinz nor any other evidence presented at trial indicated that Prinz's president, Cortelessa, had the authority to exercise the option contained in the main lease on behalf of the primary lessee, S & J. Furthermore the trial justice found as a matter of fact that Cortelessa had no intention of exercising the lease option for the benefit of S & J but instead sought to displace S & J as the primary lessee and to negotiate an entirely new lease with the city on behalf of himself and Prinz. The trial justice then ruled in the alternative that even if the option had been properly exercised, "the option as written in the lease was vague and unenforceable."[1] Accordingly the trial justice dismissed the declaratory-judgment action in No. PC 95–4142. Immediately thereafter, the trial justice also dismissed the appeal in No. PD 96–

---

1. S & J and Prinz contend that the trial justice also ruled as a matter of law that Cortelessa's hand delivery of the purported notice letter was insufficient because it was not mailed·via certified mail. Although the trial justice did note that "there is a variance between the terms of the lease and the purported notification where it * * * is not the mailed return receipt requested, registered mail or certified mail," there is no

indication in the transcript that the trial justice reached a conclusion regarding the import of this "variance" or that he relied upon that ground in his ruling. Accordingly, because resolution of this issue would not affect our disposition of this appeal, we decline to address the question whether hand delivery was an effective substitute for certified mail under this lease.

1668 from the District Court T & E decision because of Prinz's untimely rent payments during the pendency of the appeal.[2]

S & J and Prinz then appealed to this court, seeking reversal of the Superior Court's decisions in both cases; however, they later withdrew their T & E appeal. In their remaining appeal of the declaratory judgment S & J and Prinz contend that the trial justice erred by ruling as a matter of law that (1) hand delivery of the purported notice letter was an ineffective mode of delivery when the lease stated that certified mail should be used and (2) the lease clause providing for good-faith negotiation of the rental amount for the renewed lease term rendered the option fatally indefinite and therefore void.

## Analysis

Although S & J and Prinz raise two intriguing legal issues, our review of the record in this case indicates that the trial justice did not rest his decision solely upon these two grounds. Rather the trial justice clearly indicated that his decision was also predicated on the entirely independent and alternative ground that Prinz and its president, Cortelessa, lacked authority to exercise the lease option on behalf of the lessee, S & J, and that in any event Cortelessa never intended to exercise S & J's option but rather attempted to negotiate an entirely new lease for Prinz's and his own benefit—and with an eye toward undermining S & J's position. Whether the evidence presented at trial was sufficient to support such a finding is a question that is not before this court and one that we decline to take up sua sponte. That issue has not been fairly raised in the parties' briefs or otherwise in this appeal and is therefore waived. *See* Rule 16(a) of the Supreme Court Rules of Appellate Procedure ("[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the court").

At oral argument, counsel for S & J and Prinz maintained that the trial justice's decision relied solely upon the two legal grounds

raised on appeal. We cannot agree. In his bench decision the trial justice stated that "[t]he question before the Court is really has Mr. Cortelessa exercised the option contained in the main lease * * *." He also expressly found as a matter of fact that "Mr. Cortelessa, on the proof before me, had no authority to exercise the option" and that Mr. Cortelessa "was not interested, on the evidence before the Court, in extending the main lease. He was interested in becoming the tenant. Not the subtenant." The trial justice summarized his decision on that issue with the conclusion:

> "Also, what was going on between Mr. Cortelessa and the City of Providence had nothing to do with the option. It had nothing to do with the rental terms under the main lease. What was going on was Mr. Cortelessa's attempt to negotiate a new lease with the City of Providence on entirely different terms than those contained in the original lease * * *. I further find there is no evidence at all that the option contained in the lease was exercised."

Adopting a natural reading of the transcript as a whole while placing these statements from the court in the context of the trial, we conclude that the trial justice obviously intended his findings of fact with respect to Cortelessa's intentions and lack of authority to form a separate and entirely independent basis for his decision to dismiss the declaratory-judgment action. Thus, even assuming arguendo that his other rulings were erroneous, we determine that they would only amount to harmless error. *See* Super.R.Civ.P. 61. Accordingly the trial justice's statements about the variance in the method of notice used to exercise the lease-renewal option and his conclusion that the good-faith bargaining clause was fatally vague were merely additional potential nails in S & J's and Prinz's dismissal coffin.

## Conclusion

For these reasons we uphold the Superior Court's judgment on the basis of its unchal-

---

**2.** This court reviewed and affirmed that dismissal last term under a writ of certiorari in *City of Providence v. S & J 351, Inc.,* 693 A.2d 665 (R.I.1997). We remanded the case and lifted the stay of execution of the District Court's trespass-and-ejectment judgment.

lenged finding that the lease option was never effectively exercised by S & J or its agents. Because this finding is dispositive, we do not pass upon the other questions raised. The appeal is denied, and the judgment of the Superior Court is affirmed.

BOURCIER and GOLDBERG, JJ., did not participate.