**Supreme Court**
No. 2019-293-Appeal.
(KD 18-119)

| | |
|---|---|
| Federal National Mortgage Association | : |
| v. | : |
| Marsha S. Jacavone. | : |

**O R D E R**

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Marsha S. Jacavone, appeals *pro se* from a Superior Court order dismissing her appeal from a District Court judgment for possession in favor of the plaintiff, Federal National Mortgage Association, and remanding the case to the District Court. On appeal to this Court, the defendant contends that the trial justice erred in dismissing the appeal because, she submits, she did not receive a ninety-day notice of mortgage foreclosure and, further, that the plaintiff unreasonably refused to accept her June 2019 use and occupancy payment. After considering the parties' written and oral submissions, we conclude

that cause has not been shown and proceed to decide the appeal at this time.[1]  For the reasons set forth herein, we affirm the order of the Superior Court.

This dispute arises from an action for possession instituted by plaintiff in the District Court.  The plaintiff alleged that it was the owner, by virtue of a foreclosure deed, of property located at 200 Shun Pike, Johnston, Rhode Island.  The plaintiff alleged that defendant resided at the property after the foreclosure and that plaintiff had sent a notice of termination directing defendant "to vacate and remove property and personal possessions from the premises * * * and deliver control of the premises to" plaintiff.  When defendant failed to vacate the property, plaintiff sought a judgment for possession and damages for defendant's use and occupancy from June 1, 2017, onward.

On February 2, 2018, after a District Court nonjury trial, a judgment for possession in favor of plaintiff was entered, and damages in the amount of $1,300 per month for defendant's use and occupancy also was awarded.  The defendant, appearing *pro se*, timely appealed the District Court's decision to the Superior Court.  However, she failed to pay rent on a timely basis, an unfortunate error that was fatal to her appeal.

---

[1] After oral argument, this Court granted defendant's motions to file rebuttal argument; she contended that during her presentation at oral argument she missed the opportunity to do so.  We consider the arguments made in those motions as part of defendant's oral argument presentation.

In the Superior Court, plaintiff moved for summary judgment, requesting that the court, *inter alia*, affirm the District Court judgment for possession. At a June 7, 2019 hearing, plaintiff argued that defendant had failed to pay the June 2019 use and occupancy fee, when due, on the first of the month.[2] The defendant responded that her payment was "in the mail" and that she was "going to send it out."

The Superior Court justice determined that the payment was "due on the first[,]" meaning "[i]t has to be paid on the first and mailing it on the first isn't sufficient. It has to be delivered. It has to be received by the first." Thus, the trial justice found in the order dismissing defendant's appeal that she "failed to meet the requirements of G.L. 1956 § 34-18-52"—which requires a tenant to pay rent during the pendency of an appeal—and accordingly dismissed her appeal and remanded the matter to the District Court. The defendant, appearing *pro se*, appealed the Superior Court's decision to this Court.

This appeal is not properly before the Supreme Court. A party who fails to pay rent during the pendency of an appeal and "has suffered dismissal of [the] pending appeal * * * is not permitted to appeal that dismissal to this Court. Rather, the party must petition this Court for a writ of certiorari." *City of Providence v.*

---

[2] The record reflects that defendant had previously made late payments and that plaintiff accepted those payments. This was confirmed at oral argument by counsel for plaintiff, who admitted that late payments from defendant were accepted more than six or seven times.

*S & J 351, Inc.*, 693 A.2d 665, 666 n.2 (R.I. 1997).[3]   Here, defendant sought review of the Superior Court order not by a petition for writ of certiorari, but by filing a notice of appeal.  This error failed to properly invoke the jurisdiction of the Supreme Court.  Accordingly, we conclude that any challenge of the June 7, 2019 order of the Superior Court is not properly before this Court.

Notwithstanding this infirmity and mindful that defendant is self-represented, we proceed to discuss the principles of law relevant to the issues she raised.  Section 34-18-52 of the general laws "requires that a tenant * * * shall promptly pay rent during the pendency of an appeal." *Chalet Nominee Trust v. Ryan*, 672 A.2d 464, 465 (R.I. 1996) (mem.).  The consequences for failure to promptly pay rent during the pendency of an appeal are designed to be expeditious, mandatory, and final.  The court "shall, without any trial on the merits, * * * enter an order for the entry of judgment * * * and *from that order there shall be no appeal*." Section 34-18-53 (emphasis added).  As this Court has previously noted, "[t]his section clearly provides for the dismissal of an appeal upon a showing by the landlord of nonpayment of rent.  It is mandatory and contains no provisions for the exercise of discretion concerning the circumstances of nonpayment[.]" *Russo v. Fleetwood*, 713 A.2d 775, 776 (R.I. 1998).  Accordingly, the trial justice was

---

[3] Although *City of Providence v. S & J 351, Inc.*, 693 A.2d 665 (R.I. 1997) addressed G.L. 1956 § 34-18.1-19, which concerns commercial properties, *see City of Providence*, 693 A.2d at 666, we conclude that the relevant statutory language is identical to that found in G.L. 1956 § 34-18-53.

- 4 -

correct in dismissing defendant's appeal upon determining that she had failed to pay the June 2019 use and occupancy fee as of the June 7, 2019 hearing date, and any prior course of conduct whereby plaintiff accepted late payments was immaterial to the trial justice's decision; the trial justice had no discretion to rule otherwise.[4]

For the foregoing reasons, we deny and dismiss the defendant's appeal. The order entered in the Superior Court is affirmed. The papers may be remanded to the Superior Court.

Entered as an Order of this Court this 3rd day of June, 2021.

By Order,

_____/s/_____
Clerk

_____

[4] The defendant argues that § 34-18-52 does not require the payment to be made on the first of the month and, accordingly, she contends that she was entitled to make the payment after the June 7, 2019, hearing. While she is correct that the statute does not provide a particular day of the month by which a tenant must remit a monthly use and occupancy payment, the statute does provide that payment is required "at such times * * * as rent would be due and payable were the action not * * * pending." Section 34-18-52. Here, plaintiff's complaint requested "damages for * * * [d]efendant's use and occupancy of the subject premises from June 1, 2017 until the date * * * [d]efendant is ordered to vacate the property," and the District Court entered judgment in favor of plaintiff, with a monthly use and occupancy fee of $1,300 due per month. Accordingly, defendant was obligated to make the use and occupancy payment on June 1, 2017, and on the first day of each month thereafter, during the pendency of her appeal. Thus, we discern no error with the trial justice's decision to dismiss defendant's appeal for nonpayment of rent.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Federal National Mortgage Association v. Marsha S. Jacavone. | |
| **Case Number** | No. 2019-293-Appeal.<br>(KD 18-119) | |
| **Date Order Filed** | June 3, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Paul G. Manning, Jr., Esq. | |
| | For Defendant:<br><br>Marsha S. Jacavone, Pro Se | |