EC RIDGEFIELD APT                          NO. 24-C-248

VERSUS                                      FIFTH CIRCUIT

CASANDRA WINBUSH                            COURT OF APPEAL

                                            STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

June 13, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CASANDRA WINBUSH

**APPLYING FOR** SUPERVISORY WRIT FROM THE SECOND PARISH COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYLYN R. BEEVERS, DIVISION "B", NUMBER 140-922

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

## WRIT GRANTED, JUDGMENT REVERSED, EXCEPTION OF PREMATURITY GRANTED, CASE DISMISSED WITHOUT PREJUDICE

Defendant, Ms. Casandra Winbush, is a single mother living in an apartment owned by the plaintiff, Ridgefield, with rent payments fully subsidized by HUD. On February 16, 2024, plaintiff notified Ms. Winbush in writing that it was instigating eviction proceedings for various alleged lease infractions. Plaintiff then sought a rule of eviction from the Justice of the Peace.

The Justice of the Peace entered a judgment of eviction on March 26, 2024 in favor of plaintiff, stating that Ms. Winbush had until April 19, 2024 to vacate the premises based on lease violations. Ms. Winbush, through counsel, filed a Petition for Trial De Novo and Stay of Justice of the Peace Eviction in the Second Parish Court, which was granted. The Second Parish Court judge set trial for May 3, 2024. On that date, counsel for Ms. Winbush orally requested that she be permitted to proceed in forma pauperis, which the parish court also granted. Counsel for Ms. Winbush then orally excepted to the proceedings as premature, arguing that the landlord failed to follow the pre-eviction procedure required in the HUD Model Lease. Ms. Winbush also testified at the hearing that she had contacted a representative with the complex, Patricia, who was too busy to discuss the violations with her. Ms. Winbush subsequently contacted another Ridgefield representive, Emily, who said she would talk to Patricia and call Ms. Winbush back, but Emily never called her back.

Counsel for Ridgefield conceded that Ms. Winbush had contacted a Ridgefield representative:

> [W]ith respect to the 30 day notice of eviction … Ms. Winbush did, in fact, contact the complex about a grievance within ten days. It was six days later she called them. The terms of the lease requires [sic] the grievance to be in writing. It was never done in writing on her part. The 30 day eviction notice clearly outlines the six separate violations that warranted the eviction and it articulates what she signed on 8/3/22, which was the material noncompliance agreement in this matter and therefore we do not believe there's any prematurity in this matter.

The parish court denied the exception of prematurity, and counsel for Ms. Winbush indicated her intent to seek a supervisory writ. The parish court also stayed the proceedings pending the outcome of this Court's consideration of the present writ application. For the reasons that follow, we reverse the parish court's ruling.

The dilatory exception of prematurity questions whether the judicial right of action has yet to come into existence because some prerequisite condition has not been fulfilled. *Benoit v. Benoit*, 21-865 (La. App. 1 Cir. 2/25/22), 341 So.3d 573, 579, *writ denied*, 22-704 (La. 6/22/22), 339 So.3d 1185. Appellate courts generally review a lower court's decision concerning an exception of prematurity for manifest error. *Id.* (*citing Code v. Dep't of Public Safety & Corrections*, 11-1282 (La. App. 1 Cir. 10/24/12), 103 So.3d 1118, 1127, *writ denied*, 12-2516 (La. 1/23/13), 105 So.3d 59). If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed. La. C.C.P. art. 933 A.

Ms. Winbush's contract with plaintiff, which consists of the Model Lease, the Lease Addendum, and various attachments, contains more than 50 pages. The Model Lease, Section 23, paragraph e, states in pertinent part:

> **If the Landlord proposes to terminate this Agreement, the Landlord agrees to give the Tenant written notice and the grounds for the proposed termination.… All termination notices must:**
> - o specify the date this Agreement will be terminated;
> - o state the grounds for termination with enough detail for the Tenant to prepare a defense;
> - o **advise the Tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the Landlord.** The 10-day period will begin on the earlier of the date the notice was hand-delivered to the unit or the day after the date the notice is mailed. **If the Tenant requests the**

> **meeting, the Landlord agrees to discuss the proposed termination with the Tenant;**
> o and advise the Tenant of his/her right to defend the action in court.

(Emphasis added). Section 8, "Eviction Procedures," found in the "House Rules Ridgefield Apartments Partners, Ltd, Attachment 3 of HUD Model Lease," states, in relevant part:

> **When an eviction is necessary, written notice will be provided to the tenant and the following will be included in the notice**:
>
> - The specific date the tenancy will be terminated
> - Detailed reason(s) for the action
> - References to prior violation notices for the above item(s)
> - Notification to the tenant that remaining in the unit on the termination date specified may result in the owner seeking to enforce the termination in court, at which time the tenant may present a defense
> - **Warning to the tenant that s/he has 10 days to discuss the termination of tenancy with the owner/agent. The 10 day time period begins on the date that the notice has been properly served.**

(Emphasis added). Section 11, "Grievance and Appeal Procedures" of the same Attachment 3, states:

> For lease violations and/or eviction proceedings:
>
> 1. Written notification will be provided to a resident for any lease violation or eviction proceeding
> 2. **The resident will have 10 days to request, in writing, a meeting to discuss the lease violation or eviction**
> 3. The resident is allowed to have a representative participate in an informal meeting
> 4. The meeting will be conducted by a member of management who was not involved in the lease violation letter or eviction proceeding
> 5. Written determination will be provided to the resident

(Emphasis added).

The eviction letter sent to Ms. Winbush indicates Ridgefield is terminating the lease agreement effective March 17, 2024. The letter then alleges six lease violations and their corresponding dates, stating: "These activities are in direct violation of the lease agreement, signed 08/3/2022 (Sec 23 Material Non-

Compliance)." Finally, the letter states: "Demand for possession is hereby made. You are hereby given notice to vacate the dwelling on or before midnight on the 30th day of this notice. Your failure to move out then will result in appropriate legal action before justice of the peace. Delay or postponement of such action does not constitute a waiver." The letter, the Model Lease, and the Lease Addendum were all introduced as evidence at the hearing on the exception of prematurity, with no objection from counsel for Ridgefield.

In direct violation of both the Model Lease, Section 23(e), and Attachment 3, Section 8 of the Lease Addendum, Ridgefield's eviction letter failed to warn Ms. Winbush that she has ten days to discuss the termination of tenancy. The letter also fails to notify Ms. Winbush of her "right to defend the action in court," as further specified in the Model Lease, Section 23(e). Although Ms. Winbush testified, and counsel for Ridgefield conceded, that she contacted Ridgefield representatives by telephone in a timely manner, Ms. Winbush's attempt to discuss the matter does not absolve Ridgefield of fulfilling the Lease requirements associating with termination.

In *Versailles Arms Apartments v. Pete*, 545 So.2d 1193 (La. 4th Cir. 1989), the Fourth Circuit considered identical HUD lease language requiring the landlord to notify the tenant of the right to discuss the proposed termination within ten days. Where the landlord's termination letter failed to notify tenant that she had ten days to discuss the matter with the landlord, the Court stated:

> Proper notice to a tenant to vacate is a prerequisite to the filing of a rule for possession. Proper notice of termination (notice to vacate) was not given to the defendant. Therefore, the trial court erred when it found to the contrary. Plaintiff's rule for possession should have been dismissed.

545 So.2d at 1195 (internal citation omitted).

Due to Ridgefield's failure to adhere to the notice requirements specified in the Lease, we find Ms. Winbush's exception of prematurity has merit, and the parish court manifestly erred in failing to sustain the exception. Accordingly, we grant the writ, reverse the lower court's ruling, and sustain Ms. Winbush's exception of prematurity. Pursuant to La. C.C.P. art. 933 A, the matter is dismissed without prejudice.

Gretna, Louisiana, this 13th day of June, 2024.

**SMC**
**FHW**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>06/13/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-248**

### <u>E-NOTIFIED</u>
2nd Parish Court (Clerk)
Hon. Raylyn R. Beevers (DISTRICT JUDGE)
Christopher Kerrigan (Relator)

### <u>MAILED</u>
Kenneth W. Andrieu (Respondent)
Attorney at Law
2900 Westfork Drive
Suite 610
Baton Rouge, LA 70827

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kenneth W. Andrieu
Attorney at Law
2900 Westfork Drive
Suite 610
Baton Rouge, LA 70827
24-C-248                    06-13-24

9590 9402 2434 6249 3567 12

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7318

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Anna Hessburg*    ☑ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery
*Anna Hessburg*                         6/17/24

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053              Domestic Return Receipt